ORDER ON JURISDICTION
PER CURIAM.
We have for our consideration two appeals from county court where questions of great public importance were certified and must determine whether to exercise our discretionary jurisdiction. For the reasons discussed below, we accept jurisdiction over one of the appeals but reject it as to the other.
In case number 93-286, nineteen defendants moved to dismiss unspecified criminal charges on double jeopardy grounds. Each defendant showed that he or she entered a plea and paid a fine for one or more civil traffic infractions involving the same conduct on which criminal charges were based. In a consolidated order dated December 8, 1992, County Judge Bateman denied the motions to dismiss but certified two questions of great public importance. Four of the defendants then pleaded nolo contendere to the criminal charges, expressly reserving the right to appeal the denial of the motions to dismiss, and timely filed a joint notice of appeal.
In case number 93-393, T. Mitchell Dean moved to dismiss driving under the influence (DUI) charges against him on double jeopardy grounds, showing that he had paid fines for three civil traffic offenses which resulted from the same stop. County Judge Welch granted the motion and dismissed the DUI charge, and certified a question of great public importance:
Is prosecution of a criminal traffic offense barred on grounds of double jeopardy because the defendant has previously paid a fine for a civil traffic infraction and the state, in order to prove an element of the criminal offense, would prove the same conduct constituting the civil infraction offense?
In so doing, he noted in his order that the issue presented is one which commonly comes before the county courts, is one which has significant impact on the prosecution of DUI cases, and which influences the state’s burden in monitoring the filing and prosecution of civil traffic infractions. The State of Florida timely appealed as authorized by Florida Rule of Appellate Procedure 9.140(c)(1)(A).
Our jurisdiction to review orders in which the county court certifies a question or questions of great public importance is provided for by Rule 9.030(b)(4), as implemented by Rule 9.160. In the cases described above we are presented with county court appeals with certified questions of great public importance. Our preliminary examination indicates that the same question of law will control the outcome of both cases. We must therefore determine whether to exercise jurisdiction over these appeals. In the words of Rule 9.160(e)(2), this decision is one for our “absolute discretion”.
We find little discussion in the case law to guide us in exercising that discretion. We determine, however, that we should accept jurisdiction over at least one of the appeals. The issue to be decided is one of constitutional magnitude and the orders suggest that the issue is one which is frequently raised but with inconsistent results in the lower tribunals.
On the other hand, we find no useful purpose to be served by accepting more than one appeal presenting this issue. Our caseload is already highly taxing, see In re Certification of Need for Additional Judgeships, 18 Fla.L.Weekly S99 (Fla. Jan. 27, 1993). To accept more than one of these appeals with the same issue would only delay resolution of other matters before our court.
*856 Having determined to accept jurisdiction over only one of the appeals, we find that several considerations point toward the State’s appeal as one which is appropriate for our review. The case has only two parties and only one record on appeal will be before the court. These factors greatly simplify preparation of the record and briefing. Further, we find the order in case number 93-286, while containing a thorough analysis of the legal issue presented, is lacking in factual findings as required by Rule 9.160(d). We also note that in case number 93-286, the questions of great public importance were certified in an interlocutory order, while Rule 9.160(d) calls for such certification in an appealable order or in an order which disposes of a motion that postponed rendition of the ap-pealable order, such as an order on motion for rehearing, new trial, or certification.
Accordingly, in accordance with Florida Rule of Appellate Procedure 9.160(e)(2), we accept jurisdiction in case number 93-393 and reject jurisdiction in ease number 93-286. Case number 93-286 will be transferred to the Circuit Court for Leon County for further appellate proceedings, as provided for by Rule 9.160(f)(2).
IT IS SO ORDERED.
JOANOS, C.J., and BARFIELD and KAHN, JJ., concur.