855 So.2d 251 (2003)
STAR CASUALTY, Appellant,
v.
U.S.A. DIAGNOSTICS, INC., Appellee.
No. 4D02-1465.
District Court of Appeal of Florida, Fourth District.
October 1, 2003.
Maria Elena Abate and Sandy P. Fay of Colodny, Fass, Talenfeld, Karlinsky & Abate, P.A., Fort Lauderdale, for appellant.
Roberts J. Bradford, Jr. of Marks & Fleischer, P.A., Fort Lauderdale, for appellee.
WARNER, J.
The county court certified the following as a question of great public importance:
WHERE THE INSURED HAS ASSIGNED HIS/HER BENEFITS TO HIS/HER MEDICAL PROVIDER, DO SECTION 627.736(5)(a) AND/OR SECTION 627.736(5)(d), FLORIDA STATUTES, REQUIRE THE INSURED TO COUNTERSIGN THE MEDICAL BILLS SUBMITTED ON HCFA FORM 1500, AND IS THE INSURER PERMITTED UNDER THESE CIRCUMSTANCES TO DENY PAYMENT ENTIRELY OF REASONABLE, NECESSARY, AND RELATED MEDICAL BILLS INCURRED BY THE INSURED IN THE ABSENCE OF A COUNTERSIGNATURE?
After reviewing this case, we decline to exercise our discretionary jurisdiction and *252 transfer this appeal to the circuit court of Broward County.
Pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A), the district court of appeal has discretionary jurisdiction to accept jurisdiction of appeals from final judgments of the county court in which the county court certifies a question of great public importance. The district court has absolute discretion whether to accept jurisdiction, and there is little case law to guide us. District courts of appeal themselves can certify questions of great public importance to the supreme court. Again there is no standard to guide the court. However, one general guide is that a question should be certified where our decision will affect a large segment of the public and the extant decisional law may not coalesce around a single answer to the question posed.
In Bradley v. State, 615 So.2d 854, 855 (Fla. 1st DCA 1993), the court determined that it should accept jurisdiction over a county court certified question because the decision was "one of constitutional magnitude and the orders suggested that the issue [was] one which is frequently raised but with inconsistent results in the lower tribunals." We ourselves declined to exercise jurisdiction over a certified question where "[n]othing in the record indicate[d] that the interpretation of the applicable statute involve[d] such complex or difficult issues, or that the case ha[d] such widespread ramifications, so as to make the case of `great public importance.' "Everard v. State, 559 So.2d 427, 427 (Fla. 4th DCA 1990).
The statute involved in this case, section 627.736, Florida Statutes, was originally passed by the legislature in 1971. See Ch. 71-252, §§ 1-14, at 1355-71, Laws of Fla. It has remained essentially unchanged for the past twenty-five years, and county courts have adjudicated under this statute the rights and obligations of insurers, insureds, and medical providers. Some of those decisions have been appealed to circuit courts which have uniformly interpreted the countersignature requirement in section 627.736(5)(a) as a permitted, not mandatory, mechanism that does not require the insured's signature on the reimbursement form where the insured has assigned benefits to the medical provider. See Hialeah Med. Assocs., Inc. v. United Auto. Ins. Co., 9 Fla. L. Weekly Supp. 738b (Fla. 11th Cir.Ct. Sept. 17, 2002); Total Health Care of Fla., Inc. v. United Auto. Ins. Co., 9 Fla. L. Weekly Supp. 659a (Fla. 11th Cir.Ct.App.Div. Aug. 13, 2002), reh'g denied, 9 Fla. L. Weekly Supp. 737a (2002); S. Fla. Open MRI v. United Auto. Ins. Co., 9 Fla. L. Weekly Supp. 397a (Fla. Miami-Dade Cty. Ct. Mar. 26, 2002); Health Care Assocs. of S. Fla. Inc. v. United Auto. Ins. Co., 9 Fla. L. Weekly Supp. 397b (Fla. Dade Cty. Ct. Mar. 12, 2002); Premier Ctr. for Pers. Injuries v. United Auto. Ins. Co., 8 Fla. L. Weekly Supp. 501a (Fla. Miami-Dade Cty. Ct. May 21, 2001); Dr. Steven Chase v. United Auto. Ins. Co., 8 Fla. L. Weekly Supp. 458a (Fla. Dade Cty. Ct. Apr. 24, 2001); Dr. Steven Brown v. Progressive Express Ins. Co., 9 Fla. L. Weekly Supp. 567a (Fla. Broward Cty. Ct. June 26, 2002); Choice Med. Ctr., d/b/a Injury Treatment Ctr. of Boynton Beach, Inc. v. Seminole Casualty Ins. Co., 9 Fla. L. Weekly Supp. 196c (Fla. Palm Beach Cty. Ct. June 15, 2002); Dr. Jason T. Marucci d/b/a Spinal Health Rehab. Ctrs. v. United Auto Ins. Co., 9 Fla. L. Weekly Supp. 871b (Fla. Broward Cty. Ct. Oct. 25, 2002); Med. Specialists & Diagnostic Servs. v. United Auto. Ins. Co., 9 Fla. L. Weekly Supp. 708a (Fla. Orange Cty. Ct. Aug. 28, 2002); Stacey Mochnick v. State Farm Mut. Auto. Ins. Co., 7 Fla. L. Weekly Supp. 1a (Fla. 4th Cir.Ct. Aug. 31, 1999); AMC Rehab. & Pain Center, v. *253 United Auto. Ins. Co., 9 Fla. L. Weekly Supp. 250b (Fla. Miami-Dade Cty. Ct. Oct. 9, 2001); Yolanda Rodriguez v. Ocean Harbor Cas. Ins. Co., 8 Fla. L. Weekly Supp. 500b (Fla. Miami-Dade Cty. Court Apr. 20, 2001). We note that most of these cases were brought by United Auto Insurance, which appellee informs us is a related company to Star Casualty.
Given the plethora of cases uniformly interpreting the statute, we elect not to exercise our discretionary jurisdiction.
Case transferred.
STONE and STEVENSON, JJ., concur.