PADOVANO, J.
We hold that the trial court had authority to dismiss the criminal charges against the defendant in this case as a remedy for the state’s refusal to comply with a settlement agreement. The record does not reveal any breach of the agreement on the defendant’s part or any justification for the state’s refusal to comply. For these reasons, we affirm the order of dismissal.
The defendant, Stuart Simons, was accused of three criminal offenses: theft of a trade secret, taking and disclosing trade secrets, and grand theft. The state alleged that he had appropriated a quilting machine and computerized business records belonging to the alleged victim, who was then the defendant’s employer. The quilting machine was manufactured from a proprietary design owned by the victim, and the business records included supplier lists, customer lists, and other business information alleged to be trade secrets. At the time these criminal charges were filed, the defendant and the victim were engaged in civil litigation over the same controversy.
The parties entered into an agreement for a full settlement of the criminal case, as well as a related civil case. They agreed that the defendant would be admitted to the pretrial intervention program on the charge of disclosing a trade secret, that the two other charges would be dismissed, and that the defendant would make restitution to the victim in the amount of $4,500.00. As a part of the agreement, the victim agreed to release the defendant from civil liability and to dismiss the civil suit. The agreement was reduced to writing and signed by the assistant state attorney, the defendant’s lawyer, the defendant, the victim, and the victim’s lawyer in the civil case.
The trial judge approved the agreement and incorporated it into an order directing the parties to comply. A short time later, the defendant sent the victim a restitution check in the amount of $4,500.00. With the restitution in hand, the victim attempted to back out of the settlement by refusing to sign the consent form for the defendant’s admission to the pretrial intervention program.
This abrupt change in position prompted the defendant to file a motion to enforce the settlement agreement. The prosecutor opposed the motion but did not offer any evidence or argument to excuse the victim’s noneomplianee. At one point in the hearing, the prosecutor suggested that after the agreement had been signed, the defendant committed an act that “could be construed as a criminal offense.” This rather speculative remark had something to do with the fact that the defendant had attended a trade show in another state, but it is not apparent from the record why this would have been unlawful. The prosecutor offered no evidence or explanation.
The trial judge entered an order granting the defendant’s motion to enforce the settlement agreement and allowed the state two weeks to nolle pros the charges in the information. When it became apparent that the state would not enter a nolle pros, the trial judge entered an order dismissing the case. The state filed a timely appeal to this court to seek review of the order.
The state argues that the agreement was not enforceable because the trial judge had no authority to compel the prosecutor to place the defendant in a pretrial *736 intervention program. It is correct as a general principle that prosecutors have sole discretion to admit a defendant to pretrial intervention, see Batista v. State, 951 So.2d 1008 (Fla. 4th DCA 2007); State v. Board, 565 So.2d 880 (Fla. 5th DCA 1990), but the trial judge in this case did not order the state to enroll the defendant in the program. Pretrial intervention was merely one part of a comprehensive settlement agreement that contained many other provisions. The judge directed the state to comply with the agreement it had made with the defendant or to suffer a dismissal of the case.
This decision did not encroach on the prosecutor’s discretion. The entire agreement was not voidable at the option of the prosecutor merely because it contained a pretrial intervention agreement among its terms. If that were the case, the settlement agreement would be nothing more than a set of illusory promises. The agreement would be enforceable by the state and the victim but not by the defendant.
Reduced to its essence, the state’s argument in this case is: (1) the prosecution has a right to decide whether a defendant may enter or remain in a pretrial intervention program; (2) the defendant was the one who breached the settlement in this case because he did not complete the pretrial intervention agreement; and (3) the defendant’s breach justified the state’s failure to comply with the settlement agreement. This is a circular argument. The only reason the defendant did not enroll in the pretrial intervention program is that he was denied enrollment by the state. There was no real breach of the agreement by the defendant and therefore no justification for the state’s refusal to honor it.
It is significant that the state attempted to withdraw from the settlement agreement after the defendant had partly performed the agreement by making restitution. If that conduct is acceptable, the promise of pretrial intervention could be used as a device to collect restitution and could then be withdrawn once the restitution is paid. This possibility is particularly troubling in a case like this one, which is closely related to a civil dispute between the defendant and the alleged victim. It is not fair to allow the alleged victim to withdraw his agreement in the criminal case after he has successfully employed the threat of prosecution to collect the money that was at issue in the civil case.
The trial judge did not break any new ground by enforcing the agreement the parties made in this case. To the contrary, it is a settled principle of criminal procedure that, if the government fails to honor a plea agreement, the court may either enforce the agreement or allow the defendant to withdraw the plea. See Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Tillman v. State, 522 So.2d 14 (Fla.1988); Spencer v. State, 623 So.2d 1211 (Fla. 4th DCA 1993); State v. Borrego, 445 So.2d 666 (Fla. 3d DCA 1984); Barker v. State, 259 So.2d 200 (Fla. 2d DCA 1972). As the Supreme Court explained in Santobello, the appropriate remedy in a given case is within the discretion of the trial judge.
In some situations it may be proper to allow the defendant to withdraw the plea, but in others the only fair remedy is to enforce the agreement. For example, Florida courts have held that specific performance is a proper remedy if the defendant has partly performed the agreement, see Williams v. State, 341 So.2d 214 (Fla. 2d DCA 1976) (the state breached its promise after the defendant had assisted the police), or if withdrawal of the plea would deprive the defendant of the benefit of the bargain, see Buffa v. State, 641 *737 So.2d 474 (Fla. 3d DCA 1994) (the state breached its promise to recommend a more lenient sentence). As these cases illustrate, justice is not always served merely by allowing the defendant to withdraw the plea and start over.
The power to enforce an agreement between the prosecution and defense applies not only to plea agreements, but also to settlement agreements that do not require the defendant to enter a plea. See State v. Davis, 188 So.2d 24 (Fla. 2d DCA 1966); Butler v. State, 228 So.2d 421 (Fla. 4th DCA 1969). The underlying principle is the same. When the parties agree to settle a case they should be bound by their agreement. The incentive to settle a case by plea bargaining or by an agreement not requiring a plea would quickly disappear if one party could renege on an agreement without any consequence.
On the facts of this case, we support the trial judge’s decision to enforce the agreement. The defendant had partially complied by making restitution and he was prepared to comply with all of his other obligations. He was prevented from doing so only because the victim backed out of the agreement without justification.
Affirmed.
ROBERTS, J., concurs; HAWKES, C.J., dissents with opinion.