THOMAS, J.
Under current law, Florida Rule of Criminal Procedure 3.172(g) has been interpreted to grant a criminal defendant the substantive right to unilaterally withdraw from a negotiated plea agreement. *48 We write to note that rule 3.172(g) should be amended to prohibit defendants from withdrawing from negotiated plea agreements when the State has completed or partially completed its part of the agreement. In addition, we certify a question of great importance.
In 2006, Appellant was charged with two counts of conspiring to traffic in more than 400 grams of cocaine. Appellant pled guilty more than two years ago. As part of the plea agreement, Appellant stated, “I waive my right to withdraw this plea.” During the plea colloquy, the trial court questioned Appellant extensively regarding his plea to ensure it was “freely and voluntarily entered, with a full understanding of the nature and consequences of your plea.” Due to unintentional error, the trial court apparently overlooked the requirement to state that the court “accepted the plea.” The case was removed from the trial docket. Appellant and the State agreed to confidential terms regarding substantial agreement, and the trial court sealed the plea agreement.
As a further part of the agreement, Appellant and the State agreed to a 90% bond reduction, from $1,000,000 to $75,000. This allowed Appellant to remain free for an extended period of time in order to perform his obligations. In addition, as part of the agreement, the State agreed to a sentencing range of five to thirty years for the two first-degree felonies. This allowed Appellant to eliminate the risk of being sentenced to life imprisonment as an habitual felony offender.
At sentencing, the trial court heard evidence regarding Appellant’s purported attempts to substantially comply with the agreement. The court complied with the plea agreement and sentenced Appellant to concurrent terms of thirty years in prison. Thus, Appellant received significant benefits from his plea bargain. There is no claim that the State did not perform its part of the agreement.
Appellant waived his right to "withdraw his guilty plea by entering into a plea bargain with the State. State v. Simons, 22 So.3d 734 (Fla. 1st DCA 2009) (Hawkes, J., dissenting). In Simons, this court held that a defendant can force the State to comply with a settlement agreement in a pretrial intervention program, in which the State has complete discretion to consent to enter. Id. at 736. See § 948.08(2), Fla. Stat. (“Any ... offender ... is eligible for release to the pretrial intervention program on the approval of ... the state attorney....”). In Simons, this court noted, “It is significant that the state attempted to withdraw from the settlement agreement after the defendant had partly performed the agreement.... [I]t is a settled principle of criminal procedure that, if the government fads to honor a plea agreement, the court may either enforce the agreement or allow the defendant to withdraw the plea.” Simons, 22 So.3d at 736. If the Florida Rules of Criminal Procedure can compel the State to comply with a negotiated dismissal of criminal charges in a pretrial intervention program or other type of plea agreement, those rules should similarly compel a defendant to fulfill his obligation in a plea negotiation.
It is well established that a plea agreement is a contract. Garcia v. State, 722 So.2d 905 (Fla. 3d DCA 1998), rev. dismissed, 727 So.2d 905 (1999). Here, in violation of that principle, under controlling case law, we must allow Appellant the opportunity to withdraw from his plea contract more than two years later merely because he would rather choose another option. Harrell v. State, 894 So.2d 935, 939 (Fla.2005); Howard v. State, 516 So.2d 31, 32 (Fla. 1st DCA 1987). The State will now be required to prosecute Appellant a *49 second time for crimes that allegedly occurred almost four years ago. While it may sound reasonable to state that we have “returned [the state] to the same position it was in before the plea agreement,” Mackey v. State, 743 So.2d 1117, 1119 (Fla. 2d DCA 1999), that does not reflect the reality in the courtroom. During the course of time, witnesses’ memories fade and evidence becomes stale. It is difficult to believe the State will not be prejudiced in its case against Appellant.
We think that the above prior precedent interpreting rule 8.172(g) should be reconsidered. If necessary, this rule should be amended to protect the integrity of the plea negotiation process and prevent inequitable results, as has occurred here. Appellant will now obtain relief, which violates the principles of equitable estoppel. Cf. Major League Baseball v. Morsani, 790 So.2d 1071, 1077 (Fla.2001). In addition, the important principle of finality will be violated in this case. In our view, the holding in this case is not in accord with the proper administration of justice or the rule of law.
Prior precedent requires us to reverse and remand with directions to allow Appellant to withdraw his plea. In doing so, however, we certify the following question:
DOES THE HOLDING IN HARRELL V. STATE, 894 So.2d 935 (Fla.2005), REQUIRE THAT A TRIAL COURT MUST ALLOW A DEFENDANT TO WITHDRAW HIS PLEA, EVEN WHERE THE STATE HAS PERFORMED ITS OBLIGATIONS UNDER THE PLEA AGREEMENT, MERELY BECAUSE THE TRIAL COURT INADVERTENTLY NEGLECTED TO STATE THAT IT HAD “ACCEPTED THE PLEA”?
REVERSED and REMANDED; QUESTION CERTIFIED.
WOLF, J., concurs with opinion; WEBSTER, J., concurs in result only with opinion.