WEBSTER, J.,
concurring in result only.
I concur in the result reached by the majority — to reverse and remand with directions to allow appellant to withdraw his plea — as such a result is clearly mandated by Florida Rule of Criminal Procedure 3.172(g) and Harrell v. State, 894 So.2d 935, 939 (Fla.2005). However, I disagree *50 with virtually everything else in the majority opinion.
What is now subdivision (g) of rule 3.172 was originally adopted as subdivision (f) in 1977. The Fla. Bar re Fla. Rules of Criminal Procedure, 343 So.2d 1247, 1255 (Fla.1977). It has remained substantively unchanged since its initial adoption. Its intended purpose is clear — to permit either the state or a defendant to withdraw a previously made offer. Obviously, there must be some time beyond which it is no longer possible for either party to withdraw an offer. A bright-line rule is an absolute necessity so that the parties will know at what point they are bound by their agreement. Rule 3.172(g) establishes that bright-line at the time when, “after making all the inquiries, advisements, and determinations required by th[e] rule” to ensure that the defendant’s plea is voluntary and intelligently made, the trial court “formally” accepts the plea. It is a rule that has, in general, worked well for more than 30 years. Unfortunately, problems occasionally arise when a trial judge fails to comply with his or her obligation to formally accept the plea. I suggest such isolated failings by trial judges do not provide a valid justification for tinkering with the rule.
The concerns expressed by the majority are apparently limited to those relatively few cases which involve substantial assistance agreements of some sort. In such cases, it is not unusual for a meaningful period of time to pass between entry of the plea and sentencing to afford the defendant an opportunity to attempt to carry out his part of the agreement. However, even in such cases the problem identified by the majority — allowing the defendant to withdraw from the agreement after the state has partially or fully performed its part of the agreement — may be easily avoided. The trial judge merely needs to formally accept the plea as required by rule 3.172(g).
I also disagree with the majority’s certification to the supreme court. What constitutes “a question ... of great public importance” for purposes of Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) is not defined in those rules. The Fourth District Court of Appeal has said that “one general guide is that a question should be certified where our decision will affect a large segment of the public and the extant decisional law may not coalesce around a single answer to the question posed.” Star Cas. v. U.S.A. Diagnostics, Inc., 855 So.2d 251, 252 (Fla. 4th DCA 2003). Using that test or any other, it does not seem to me that any question this case might pose could reasonably be considered one “of great public importance.” Moreover, the question actually posed by the majority is susceptible to only one answer. Clearly, as written, and as interpreted in Harrell, rule 3.172(g) requires that the question be answered “yes.”
Finally, to the extent that the majority is proposing the desirability of an amendment to rule 3.172(g), the appropriate procedure is set out in Florida Rule of Judicial Administration 2.140. The amendment process there set out exists for a purpose, and we circumvent it at our peril, as we have seen many times.
For all of the reasons expressed, while I concur in the result reached by the majority, I am unable to agree with the remainder of their opinion.