PER CURIAM.
Douglas Spargo seeks review of the order denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. In his motion, appellant asserted that his trial counsel was ineffective by failing to adopt appellant’s motion to withdraw his guilty plea prior to sentencing on the ground that the plea had never been formally accepted by *356 the trial court. For the reasons that follow, we reverse and remand for further proceedings.
In the trial court, appellant pled guilty to second degree murder and was sentenced to life imprisonment. We affirmed the judgment and sentence on direct appeal. Spargo v. State, 988 So.2d 626 (Fla. 1st DCA 2008).
Thereafter, appellant filed a rule 3.850 motion for post-conviction relief arguing, inter alia, that trial counsel was ineffective for failing to adopt appellant’s motion to withdraw the guilty plea prior to sentencing because the plea had never been formally accepted by the trial court. In connection with the post-conviction proceedings, appellant’s trial counsel was deposed and testified that he advised Appellant to enter the guilty plea to second degree murder, with the hopes of getting a term of years sentence; that he saw no good-faith basis to move for withdrawal of the plea; that he did not recall if the trial court stated it had formally accepted the plea; and that, if the law at the time allowed withdrawal of the plea, he would have, and should have, moved for withdrawal if appellant desired to do so.
The circuit court held an evidentiary hearing on appellant’s rule 3.850 motion, at which trial counsel’s deposition testimony was received in evidence. Following the evidentiary hearing, the court entered a written order denying appellant’s motion for post-conviction relief. The trial court found that trial counsel’s deposition testimony was more credible than the sworn allegations in appellant’s rule 3.850 motion; that the trial court never formally accepted the plea; that appellant had orally moved to withdraw his plea at a hearing that was held prior to sentencing; and that trial counsel had refused to adopt that motion because he felt there was no good-faith basis for it. The court stated that in light of trial counsel’s testimony, it would conduct its analysis as if trial counsel had been deficient by neglecting to file a motion to withdraw the plea based on the lack of formal acceptance.
The court examined the defenses available to appellant, the plea colloquy, and the sentence imposed, and concluded that appellant had failed to establish that he had suffered the required prejudice from trial counsel’s presumed deficient performance because there was no reasonable probability that appellant would not have pled guilty and insisted on going to trial. Further, the court reviewed case law interpreting a defendant’s right to withdraw his plea under Florida Rule of Criminal Procedure 3.172(g), and found that the rule only applies before sentencing; the court opined that because sentence has already been pronounced in appellant’s case, he is not now entitled to withdraw his plea because the trial court neglected to formally accept it. This appeal ensued.
“To prevail on a claim of ineffective assistance of trial counsel, a defendant must demonstrate (1) trial counsel’s performance was deficient, and (2) there is a reasonable probability that the outcome of the proceeding would have been different without the deficient performance.” Hunter v. State, 87 So.3d 1273, 1275 (Fla. 1st DCA 2012); see also Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Each prong of the analysis consists of mixed questions of fact and law; appellate courts defer to the lower tribunal’s findings of fact that are supported by competent substantial evidence, and review the conclusions of law de novo. Hunter, 87 So.3d at 1275. When ineffective assistance is asserted in the context of plea bargaining or an entered plea, the prejudice analysis focuses on whether the defendant has shown:
*357 [Tjhere is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial ... The critical inquiry, therefore, is not whether the defendant would have ultimately fared better had he not entered his plea ... the proper inquiry is instead whether he would have entered the plea had he been competently advised by his counsel.
Brazeail v. State, 821 So.2d 364, 368 (Fla. 1st DCA 2002) (emphasis in original) (citations omitted).
Pursuant to Florida Rule of Criminal Procedure 3.172(g), “[n]o plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.” A plea is “formally accepted” for purposes of rule 3.172(g) “when the trial court ‘affirmatively states to the parties, in open court and for the record, that the court accepts the plea.’ ” Muse v. State, 23 So.3d 763, 764 (Fla. 1st DCA 2009) (quoting Harden v. State, 453 So.2d 550, 551 (Fla. 4th DCA 1984)).
The Florida Supreme Court recently instructed that prior to a formal acceptance of the plea or pronouncement of sentence, “[ujnder rule 3.172 [ (g) ], the court has no discretion. If the court has not formally accepted the plea, it must allow withdrawal.” Campbell v. State, 125 So.3d 733, 739 (Fla.2013) (quoting Harrell v. State, 894 So.2d 935, 938-39 (Fla.2005)) (emphasis in original). The Supreme Court determined, however, that “actual sentencing of the defendant is a sufficient affirmative statement to the parties made in open court and on the record as to constitute formal acceptance of a plea under Florida Rule of Criminal Procedure 3.172(g),” and that, after such time, a defendant may not invoke rule 3.172(g) as a means to withdraw his plea, even if it had not been formally accepted by the trial court. Id. at 742. In Campbell, the Supreme Court disapproved of our decision in Cox v. State, 35 So.3d 47, 48-49 (Fla. 1st DCA 2010), where we reluctantly allowed a defendant to withdraw his plea more than two years after sentencing, pursuant to rule 3.172(g), because the trial court had never formally accepted the plea.
The facts in the instant appeal are distinguishable from the situations presented in Campbell and Cox, where in each case the defendant attempted to withdraw his plea pursuant to rule 3.172(g) after he had already been sentenced. Id. at 733. Here, prior to either formal acceptance of the plea or sentencing, appellant presented his trial attorney with letters and pro se motions to withdraw his plea, which the attorney refused to adopt. At a subsequent pre-sentencing hearing, appellant made an oral motion to withdraw his plea, which the trial court denied on the merits.
 As the post-conviction court recognized, the trial court never formally accepted appellant’s plea. Because there was no formal acceptance, and sentence had not yet been pronounced, appellant had a right to withdraw his plea without any justification for doing so. See Fla. R. Crim. P. 3.172(g); see also Campbell, at 739. He attempted to assert this right, both independently and through his attorney, to no avail. Counsel was deficient in failing to adopt and present appellant’s motions to withdraw the plea because, under these circumstances, appellant had an affirmative right to withdraw the plea, and counsel’s failure to correctly advise or advocate appellant’s desire in this instance constitutes deficient performance. See Puglisi v. State, 112 So.3d 1196, 1205 (Fla.2013) (holding that decisions on whether to *358 plead guilty or waive the right to a jury trial reside solely with the defendant).
Regarding the prejudice prong of the ineffective assistance analysis, the trial court’s order cogently describes why appellant would almost certainly not have fared any better if he had gone to trial rather than taken a plea and explains why various defenses or tactics were not available or would not have helped appellant’s case. Yet, that is not the relevant inquiry in this particular circumstance. The appropriate analysis, rather, is whether appellant has demonstrated that he would not have pled if he had been competently advised. See Brazeail, 821 So.2d at 368.
The record establishes that appellant would have withdrawn the plea if he had been allowed. Appellant’s trial counsel testified that, if he had known that the plea had never been formally accepted, he would have been obligated to adopt and present to the trial court appellant’s desire to withdraw the plea. In the order denying post-conviction relief, the court specifically found trial counsel’s testimony was credible, so it is logical to assume that if trial counsel had been aware that appellant did, in fact, have the right to withdraw his plea at the time he attempted to do so, counsel would have pursued withdrawal of the plea.
Moreover, appellant’s likelihood of success at trial is not determinative here, because he was seeking to withdraw his plea prior to sentencing or formal acceptance, which, based on the rules of criminal procedure and interpreting case law, he had an unfettered right to do. At the deposition, trial counsel testified that he explained to appellant that based on the facts of the case, appellant had almost no chance of being acquitted at trial, and that appellant’s best option was to enter a plea and try to get a term of years sentence. Based on that advice, appellant initially entered the plea. Later, despite being aware of the State’s seemingly overwhelming evidence against him, he decided that he wanted to withdraw his plea and risk going to trial, even if that meant facing the death penalty. Thus, appellant has established prejudice because he has shown a reasonable likelihood that he would have withdrawn his guilty plea and gone to trial, in spite of his slim odds, if he had not been ineffectively represented.
Accordingly, we REVERSE the order denying post-conviction relief and REMAND with instructions that appellant be permitted to withdraw his plea of guilt.
VAN NORTWICK, ROWE, and MARSTILLER, JJ., concur.