# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2021.

_____

No. 3D20-1461
Lower Tribunal No. 90-354C
_____

**Jermaine Clarington,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Law Offices of Daniel J. Tibbitt, and Daniel Tibbitt, for petitioner.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for respondent.

The Law Office of Jo Ann Palchak, P.A., and Jo Ann Palchak (Tampa); Carey Haughwout, Public Defender for the Fifteenth Judicial Circuit, and Benjamin Eisenberg (West Palm Beach), Assistant Public Defender; Black, Srebnick, Kornspan & Stumpf, P.A., and Jackie Perczek; Ratzan & Faccidomo, LLC, and Jude M. Faccidomo, for the National Association of Criminal Defense Lawyers, the Florida Association of Criminal Defense Lawyers, and the Florida Public Defender Association, Inc., as amici curiae.

Before EMAS, C.J., and HENDON and GORDO, JJ.

PER CURIAM.

## ON MOTION FOR CERTIFICATION

Upon consideration, Jermaine Clarington's Motion to Certify Question of Great Public Importance and Motion to Stay Proceedings in Lower Tribunal Pending Florida Supreme Court Decision on Whether to Exercise Jurisdiction is hereby denied.

EMAS, C.J., and HENDON, J., concur.

GORDO, J., dissenting with opinion.

GORDO, J., dissenting.

Petitioner, Jermaine Clarington, moves this Court for certification of a question of great public importance to the Florida Supreme Court. In my opinion, the petition for writ of prohibition was correctly denied because the trial court's mere setting of the probation violation hearing was within its jurisdiction and did not warrant issuance of an extraordinary writ. To the extent, however, that the majority opinion delves into substantial constitutional issues, much of its analysis addresses issues of great public importance. Therefore, I would grant the motion for certification and stay the proceedings in the lower tribunal pending the Florida Supreme Court's decision on whether to exercise jurisdiction.

Pursuant to Florida Rule of Appellate Procedure 9.330(a)(2)(C), "[a] motion for certification shall . . . set forth the issue or question to be certified as one of great

2

public importance." A prerequisite for certification is that the answer to the question will benefit more parties than simply the present litigants. See Star Cas. v. U.S.A. Diagnostics, Inc., 855 So. 2d 251, 252 (Fla. 4th DCA 2003) ("[O]ne general guide is that a question should be certified where our decision will affect a large segment of the public and the extant decisional law may not coalesce around a single answer to the question posed."). The question posed by Petitioner for certification is:

> Do the United States and Florida constitutions permit trial courts to conduct probation violation hearings over videoconference, with the defendant appearing over video link and not physically present in the courtroom or in the same physical space as his attorney, where normal courtroom access is not possible due to the COVID-19 pandemic and the defendant objects and is willing to wait in custody for an in-person hearing?

While I would rephrase the question(s) for certification, the issues implicated by the proposed question and the majority opinion satisfy several prominent reasons for certification.[1] In my view, the majority opinion raises issues of first impression, which may have far-reaching consequences potentially affecting thousands of defendants in the state and which will arise frequently in the future in light of the ongoing COVID-19 pandemic.

---

[1] See Raoul G. Cantero, III, *Certifying Questions to the Florida Supreme Court: What's So Important?*, 76 Fla. Bar J., May 2002, at 40.

The majority opinion concludes that due to the circumstances posed by the temporary public health emergency, the remote conduct of a probation violation hearing does not violate Clarington's rights to confrontation or due process. Maj. Op. at 10. In reaching this conclusion, the majority: 1) acknowledged that few cases address, at a constitutional level, the difference between a defendant being physically present with counsel, the judge and the witnesses versus a proceeding conducted remotely by audio-video technology in which those participants are at separate locations; and 2) distinguished Doe v. State, 217 So. 3d 1020 (Fla. 2017), the one case in which the Florida Supreme Court has addressed that issue. Maj. Op. at 22–23. The majority determines that the constitutional[2] and statutory[3] right to be

---

[2] It is a longstanding principle that "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745 (1987). While probation violation hearings are not among the enumerated stages in a criminal prosecution at which the defendant is entitled to be present under Florida Rule of Criminal Procedure 3.180, "this enumeration is not exhaustive." 22 Fla. Prac., Crim. Prac. & Proc. § 12:2 (2020 ed.). "A defendant has a constitutional right to be present at all stages in which his absence might frustrate the fairness of the proceedings." Id.; see e.g., Doe v. State, 217 So. 3d 1020, 1026 (Fla. 2017) (holding that: "The right to be present at an involuntary commitment hearing is a fundamental due process right.").

[3] See § 948.06(2)(d), Fla. Stat. (2019) ("If such charge is not at that time admitted by the probationer or offender and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer or offender an opportunity to be fully heard on his or her behalf *in person* or by counsel." (emphasis added)).

4

physically present at a probation violation hearing may be satisfied via Zoom under the operation of AOSC 20-23. The Chief Justice, however, included an express carve-out provision in section III.E.(3) of AOSC 20-23, providing:

> All other trial court proceedings shall be conducted remotely unless a judge determines that one of the following exceptions applies, in which case the proceeding shall be conducted in person:
>
> a. Remote conduct of the proceeding is inconsistent with the United States or Florida Constitution, a statute, or a rule of court that has not been suspended by administrative order . . .

In effect, the majority opinion holds that the conduct of a probation violation hearing remotely is not inconsistent with the United States and Florida constitutions or state statute, signaling to the trial courts that Zoom is an appropriate medium that satisfies a probationer's fundamental right to be physically present in the courtroom. Notably, since the issuance of the majority opinion, both the trial court in this case and the judge presiding over the Eleventh Circuit's Repeat Offender Court have ordered pending probation violation hearings to proceed via Zoom beginning in January 2021. I find that the issue of whether the right to be physically present for a probation violation hearing can be satisfied by conducting remote proceedings via virtual platforms is an issue of first impression, which is likely to affect numerous defendants in the state and will undoubtedly arise in the future.

The majority goes further by engaging in a balancing test premised on the "flexible nature" of due process rights, concluding that the probationer's significant interest in being physically present in the courtroom together with the other participants of the hearing is outweighed by the interest in ensuring the effective and expeditious administration of justice amid a pandemic. Maj. Op. at 24. To this end, I find that the issue of whether a defendant's fundamental rights are mutable based on outside circumstances unrelated to the defendant (such as a temporary pandemic) poses an issue of great public importance with far-reaching consequences.

Accordingly, I conclude the issues presented are of great public importance and would certify the following questions to the Florida Supreme Court:

1) Is a probationer's constitutional and statutory right to be physically present in the courtroom a flexible right that can be outweighed by temporary, competing public health interests such as those posed by the COVID-19 pandemic?

2) Can the remote conduct of probation violation proceedings over Zoom or other virtual platforms, in which the probationer appears in a separate location from his counsel, the presiding judge and the witnesses, satisfy the constitutional and statutory right to be physically present in the courtroom?

6

3) Is the remote conduct of a probation violation hearing inconsistent with a probationer's constitutional and statutory right to be physically present in the courtroom under Administrative Order of the Supreme Court 20-23?