CLARK, J.
Appellant Christopher Markus appeals his conviction for possession of a firearm by a convicted felon by asserting that the trial court’s denial of his pre-trial motion to suppress the evidence found on his person was erroneous as a matter of law. We *490 agree, reverse the denial of the motion to suppress, and reverse the conviction.
When reviewing a denial of a motion to suppress evidence obtained from a warrantless search, the appellate court defers to the trial court’s findings of fact but conducts de novo review of the trial court’s application of the law to the facts. Connor v. State, 803 So.2d 598, 605 (Fla.2001); Van Teamer v. State, 108 So.3d 664, 666 (Fla. 1st DCA 2013). Both the trial court and this Court are bound to apply the rule reiterated in Welsh v. Wisconsin, 466 U.S. 740, 750, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984): “Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries.”
According to the facts found by the trial court, a uniformed police officer patrolling on foot observed two or three males drinking beer near a pick-up truck on a public street. The officer also observed Appellant smoking a cigarette of some sort. As he came closer to Appellant, he saw Appellant “flick the cigarette while he’s exhaling the smoke.” The officer immediately “smelled marijuana,” and then asked Appellant to “step towards me so I could detain him at that time” to investigate the suspected criminal activity — i.e., Appellant’s possession of marijuana. Appellant instead backed away, and the officer repeated his request that Appellant stop. At that point, Appellant ran from the officer and into the open garage of his nearby residence,[1] the officer and fellow officers gave chase, and after a physical struggle, Appellant was arrested and patted down. As officers patted Appellant’s person, they found the firearm at issue in his waistband.
The trial court denied the motion to suppress because it found the pursuit and arrest of Appellant was valid due to the officers’ observation of Appellant’s criminal activity of possession of marijuana and refusal to obey commands to stop. The court relied on section 901:15, Florida Statutes, and case law pertaining to war-rantless arrest in a public place, warrant-less entry into a home in hot pursuit of fleeing felons, warrantless entry in hot pursuit after a dangerous high-speed vehicle chase, and warrantless arrest of a suspected felon on an unenclosed porch. Had Appellant been arrested while outside the home, we agree with the trial court that section 901.15 supported such warrantless arrest, even for a misdemeanor committed in the officer’s presence. However, once Appellant crossed the threshold of the garage of his home, the Fourth Amendment to the United States Constitution prohibiting unreasonable searches is implicated. Section 901.15 does not specifically address the legality of a warrantless arrest occurring in the home at the culmination of a “fresh pursuit” by police officers to arrest a suspect for a non-felony offense.[2]
When police chase a person who flees into his or her home to effect a warrant-less arrest, the Fourth Amendment, and article I, section 12 of the Florida Consti *491 tution apply in concert and in addition to the relevant Florida statutes. As stated in Riggs v. State, 918 So.2d 274 (Fla.2005):
The United States Supreme Court has repeatedly identified “physical entry of the home [as] the chief evil against which the wording of the Fourth Amendment is directed.” Payton v. New York, 445 U.S. 573, 585, 100 S.Ct. 1871, 63 L.Ed.2d 639 (1980) ... Throughout the Supreme Court’s case law, “the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.” Id. at 590, 100 S.Ct. 1371.
This Court has recognized that “[war-rantless searches or arrests conducted in a constitutionally protected area ... are per se unreasonable unless they fall within one of the five established exceptions to the search warrant requirement.” Lee v. State, 856 So.2d 1133, 1136 (Fla. 1st DCA 2003). The exceptions are referred to as “exigent circumstances,” and “hot pursuit” is one type of exigent circumstance. Id.
The exigent circumstance of “hot pursuit” is ordinarily limited to the pursuit of fleeing felons, because the seriousness of the crime is more likely to support the emergency nature of “exigent circumstances.” For instance, in United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976), a woman committed a felony by selling heroin to undercover officers. She then told officers her mother had the money from the sale, so the officers returned to the residence and saw the mother “in the doorway of the house with a brown paper bag.” The officers approached the residence, exited their vehicle, and shouted “police.” The mother “retreated into the vestibule of her house.” Id. at 40, 96 S.Ct. 2406. The officers followed her into the home, physically restrained her, and drugs fell to the floor from her person. The marked money from the drug purchase was also discovered on her person. The Court held “a suspect may not defeat an arrest which has been set in motion in a public place ... by the expedient of escaping to a private place.” Id. at 42, 96 S.Ct. 2406. However, all the offenses involved in Santana were felonies.
Where the behavior observed in a public place is not a felony, the exigent circumstance of “hot pursuit” to support chasing the suspect into his or her home is not so easily shown by the state. The gravity of the observed offense is an important factor when the pursuit continues into a home. In Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), the Court explained:
Our hesitation in finding exigent circumstances, especially when warrant-less arrests in the home are at issue, is particularly appropriate when the underlying offense for which there is probable cause to arrest is relatively minor. Before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all war-rantless home entries. See Payton v. New York, [445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) ] ... When the government’s interest is only to arrest for a minor offense, that presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate.
Welsh, 466 U.S. at 750, 104 S.Ct. 2091 (citations abbreviated; footnote omitted); see also Stanton v. Sims, — U.S. -, *492 134 S.Ct. 3, 187 L.Ed.2d 341 (2013) (civil rights action for damages to plaintiff caused by officer during chase of suspect into plaintiffs yard; “in situations where the underlying offense is only a misdemeanor, law enforcement must yield to the Fourth Amendment in all but the rárest cases”).
To rebut the presuméd illegality of warrantless entry by police officers, the exigent circumstance must involve a threat to the safety of the public, property, or police, which required immediate action by officers with no time to obtain a warrant. The exigent circumstance exception was described in Riggs v. State, 918 So.2d 274 (Fla.2005):
When the government invokes this exception to support the warrantless entry of a home, it must rebut the presumption that such entries are unreasonable. See Welsh v. Wisconsin, 466 U.S. 740, 750, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). To do so, it must demonstrate a “grave emergency” that “makes a war-rantless search imperative to the safety of the police and of the community.” Illinois v. Rodriguez, 497 U.S. 177, 191, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). An entry is considered “imperative” when the government can show a “compelling need for official action and no time to secure a warrant.” Michigan v. Tyler, 436 U.S. 499, 509, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978). As is often the case under the Fourth Amendment, “[t]he reasonableness of an entry by the police upon private property is measured by the totality of existing circumstances.” Zeigler v. State, 402 So.2d 365, 371 (Fla.1981).
In Gasset v. State, 490 So.2d 97 (Fla. 3d DCA 1986), after Metro-Dade police officers observed the defendant’s reckless driving, the defendant led officers on a high-speed chase through a residential area. The chase ended in the defendant’s garage, where officers entered and arrested him. The offenses observed (reckless driving and attempting to elude a police officer) were non-felony offenses punishable by less than one year of imprisonment, but the trial court upheld the warrantless arrest of the defendant in his garage because “the propriety of the arrest does not turn on the charges upon which the arrest was effected.” Id. at 98. Relying on the ruling in United States v. Santana that “a suspect may not defeat” a valid arrest beginning in a public place by fleeing to a private place, the Third District Court of Appeal ruled that “enforcement of our criminal laws, including serious traffic violations, is not a game where law enforcement officers are ‘it’ and one is ‘safe’ if one reaches ‘home’ before being tagged.” Id. at 99. The court concluded that by committing a dangerous traffic violation and fleeing at high speed, Mr. Gasset “cast aside any fourth amendment shield which might have served to protect him.” Id. Although the majority in Gasset did not use the phrase “exigent circumstance,” the high-speed chase on the public roadways clearly presented a danger to the public, the defendant, and police officers, thus qualifying for the exigent circumstance exception to the Fourth Amendment warrant requirement.
Following Gasset, the suppression of evidence obtained in a warrantless arrest in the defendant’s home was reversed in State v. Williams, 128 So.3d 30 (Fla. 3d DCA 2012). The circumstances prompting officers to pursue Williams into his home included audible gunshots in the area, recent threats of a plan to shoot and kill officers patrolling the area, observation of three males apparently trying to hide from officers patrolling the area, and observation of an individual removing an item from his waistband and concealing the *493 item in a yard. Shortly thereafter, an officer saw Williams holding on to his waistband while walking away from him. When ordered to stop, the defendant fled, jumped over a set of bushes, “tossed a firearm into one of the bushes,” and continued into the home. The officer remained outside but demanded that Williams come outside. Williams did so and was arrested. The trial court found that the officer “constructively” entered the home without a warrant and granted the motion to suppress. The Third District reversed, finding that the officers were in “hot pursuit” and attempting to make a valid warrantless arrest prior to Williams’ entry into the home. ‘Williams could not thwart this effort, or convert a proper warrantless arrest into one requiring a warrant, simply by reaching his house before the officer reached him.” Id. at 34. Similar to the dangerous high-speed chase in Gasset, the pursuit of Williams for a firearms offense could certainly present the exigent circumstance of a hot pursuit for an offense, not necessarily a felony, which under the circumstances endangered the public and police. See also, Ulysse v. State, 899 S.2d 1233 (Fla. 3d DCA 2005) (affi rming denial of motion to suppress where fleeing defendant involved in vehicle chase prior to entry into home by officers).
Unlike the dangerous circumstances in the Third District Court of Appeal cases above, the crimes observed in the public place in this case were possession of a marijuana cigarette and flight on foot from an order to stop. The State presented no evidence here to suggest the safety and time concerns required for the exigent circumstance of a “hot pursuit” sufficient to excuse the warrant requirement for entry into the home. The (suspected) marijuana cigarette was discarded by Appellant while he was still in the public place, making it available for collection by the police without risk of destruction of this evidence. There was no evidence that any danger would result if the officers had stopped at the threshold of the garage, stationed themselves there and observed Appellant from outside the garage while they waited to obtain a warrant. Other officers were already present on the scene and could have watched other entrances of the residence to detect any exit by Appellant during the time it would take to obtain a warrant.
While the law has developed over time regarding application of the Fourth Amendment to various scenarios, the “exigent circumstances” exception to the rule against warrantless entry into the home remains an exception to the constitutional rule. We cannot accept the State’s position that officers mdy freely pursue every misdemeanor or traffic suspect into his or her home without a warrant so long as the offense is punishable by any jail time. Government officers’ pursuit into a suspect’s home without a warrant, under the exigent circumstance exception of “hot pursuit,” must not be applied so as to negate entirely the constitutional rule requiring a warrant for entry. Such a broad reading of exigency in every situation where officers chase a suspect of any offense into the suspect’s home renders the Fourth Amendment, and article I, section 12 of the Florida Constitution, meaningless.
We reject the proposition that a pursuit which continues into the suspect’s home to effect an arrest for a minor offense or infraction with no evidence to indicate any danger to the public, police, or property and no indication that critical evidence will be destroyed, constitutes the exigent circumstance of a hot pursuit such that the warrant requirement for entry into the home is excused. The “exigent *494 circumstances” exception allowing pursuit of a suspect into the home cannot remove the constitutional protection for the right to security in one’s home without a showing by the State of a danger to the public, police, or property requiring immediate entry by the officers leaving no time or opportunity to obtain a warrant.
Under the facts of this case, the motion to suppress the firearm should have been granted because the hot pursuit to effect an arrest for possession of marijuana and resisting arrest without violence did not constitute an exigent circumstance sufficient to overcome the warrant requirement to cross the threshold of Appellant’s home. The denial of the motion to suppress, and the subsequent conviction and sentence for possession of a firearm by a convicted felon, are reversed.
PADOVANO and MARSTILLER, JJ., concur.

. The trial court found that the townhome, including the garage area, was Appellant’s residence. Because the record contains competent, substantial evidence to support this finding of fact, we defer to the trial court’s finding.

. Likewise, section 901.19, Florida Statutes— the "knock and announce” statute — has no bearing on the issue on appeal because that statute does not contemplate a chase or pursuit, and the entry into the residence in this case did not involve any "necessary and reasonable force” to cross the threshold of the home.