Per Curiam.
We find no reversible error in this first-degree murder case and affirm Appellant’s conviction and sentence. The limited purpose of this opinion is to briefly address one of the issues raised in Appellant’s initial brief, which was not preserved below.
In a recorded interview with law enforcement, Appellant was asked about pri- or offenses. He made a statement admitting that he was on probation for breaking and entering and implied that he violated his probation on that charge.
Prior to trial, Appellant moved in limine to suppress, among other things, “reference to the fact that Defendant was on juvenile probation at the time of his arrest and had open warrants for violation of probation ....” At a hearing on the motion, the State Attorney said “I agree[]” when the issue of juvenile probation was raised. The trial judge said “She agrees.” The discussion then turned to a separate issue raised in the motion in limine. Importantly, the trial court never made a ruling on whether evidence relating to Appellant’s probation should be excluded; as noted above, the judge simply said “[The State] agrees.” At trial, when the recording of Appellant making statements about his probation was introduced, his counsel made no contemporaneous objection.
“If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.” § 90.104(l)(b), Fla. Stat. (2014). Both this Court and the Florida Supreme Court have emphasized the need for a definitive ruling in order to avoid the standard contemporaneous objection requirement. See McGirth v. State, 48 So.3d 777, 790-91 (Fla. 2010); Philip Morris USA, Inc. v. Tullo, 121 So.3d 595, 601 (Fla. 4th DCA 2013). We do so again in this case.
The trial court’s statement recognizing the State’s agreement to the exclusion of the evidence was not a “definitive ruling” such that no contemporaneous objection would be required to preserve this issue for appeal. Instead, it appears to be at most a recognition of a stipulation by the parties.
We therefore have limited ability to review the merits of Appellant’s claim that this evidence should not have been admitted because this claim of error was not preserved. Aills v. Boemi, 29 So.3d 1105, 1109 (Fla. 2010) (“Except in cases of fundamental error, an appellate court cannot consider any ground for objection not presented to the trial court”). Appellant did not argue to this Court that the error here was fundamental. Even if this point had not been waived by this failure, we would hold that the error does not rise to the level of fundamental error because, among other factors, the State’s only reference to Appellant’s juvenile record was the fleeting mention during the playing of the recording. See Bassallo v. State, 46 So.3d 1205, 1209 (Fla. 4th DCA 2010) (describing the fundamental error standard).
Because of the dictates of Section 90.104(l)(b), it is important to secure a “definitive ruling on the record” with regard to each and every piece of evidence sought to be excluded or admitted.[1] In the absence of such a ruling, and without a contemporaneous objection at the time the *216 evidence is admitted, this Court is without the ability to consider the merits.

Affirmed.

Warner, Gross and Forst, JJ., concur.

. We do not intend this opinion to signify a retreat from any holding allowing for blanket rulings on multiple pieces of evidence, to continuing objections and rulings, or to similar devices intended to facilitate a smooth trial. The problem in this case was not a lack of specificity in the ruling, but the lack of a definite ruling at all.