DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACK OWEN ALBRITTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1060

[May 3, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Michael McNicholas, Judge; L.T. Case No. 472020CF000227AXX.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions for one count of resisting arrest without violence and two counts of escape. The defendant raises two arguments: (1) the trial court erred in denying the defendant's motion for judgment of acquittal, because the defendant's arrest was unlawful—specifically, the officers failed to follow the "knock-and-announce" rule, pursuant to section 901.19(1), Florida Statutes (2020), before entering the third-party residence where the officers located the defendant; and (2) the defendant was entitled to a twelve-person jury under the Sixth and Fourteenth Amendments to the United States Constitution.

We affirm on both arguments. We address each argument in turn.

### 1. *The Defendant's Motion for Judgment of Acquittal*

The defendant's motion for judgment of acquittal raised a different argument from the argument now raised on appeal. Therefore, the argument now raised on appeal was not preserved. *See Steinhorst v. State*,

412 So. 2d 332, 338 (Fla. 1982) ("[I]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.").

Further, the defendant's appeal does not argue that the officers' alleged failure to follow the "knock-and-announce" rule would constitute fundamental error. Therefore, we cannot review this argument for fundamental error. *See Collins v. State*, 211 So. 3d 214, 215 (Fla. 4th DCA 2017) (a fundamental error claim is waived by failing to make that argument on appeal).

In any event, the defendant's knock-and-announce argument does not rise to the level of fundamental error. The state presented evidence that the arresting officer saw the defendant sitting on the residence's patio, and simply walked through the open patio door to execute the arrest warrant. Thus, the knock-and-announce argument does not apply to this case. *See Markus v. State*, 160 So. 3d 488, 490 n.2 (Fla. 1st DCA 2015) ("[S]ection 901.19, Florida Statutes—the knock and announce statute—has no bearing on the issue on appeal because … the entry into the residence in this case did not involve any necessary and reasonable force to cross the threshold of the home.") (internal quotation marks omitted).

## 2. *The Defendant's Twelve-Person Jury Argument*

The defendant did not raise this argument in the trial court. Therefore, the defendant did not preserve this argument. *See Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005) (proper preservation requires a litigant to make a timely, contemporaneous objection to place the trial court on notice that error may have been committed and provide the trial court with an opportunity to correct the error at an early stage of the proceedings).

On the merits, we already have rejected this argument in several cases, beginning with *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022) ("[T]he [United States] Supreme Court held in *Williams v. Florida*, 399 U.S. 78, 90 S. Ct. 1893, 26 L. Ed. 2d 446 (1970), that six-person juries were constitutionally permissible.").

*Affirmed.*

WARNER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2