775 So.2d 394 (2000)
Malcolm MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2751.
District Court of Appeal of Florida, Fourth District.
December 20, 2000.
John Cotrone, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
We reverse appellant's judgment of conviction and sentence holding that the trial court erred in denying appellant's motion to withdraw his guilty plea before sentencing where it never formally accepted the plea.
Appellant was charged by Information with trafficking in cocaine in excess of 400 grams. Appellant entered into a substantial assistance agreement with the state. As part of the terms and conditions of such agreement, appellant was required to enter a guilty plea in open court and agreed not to withdraw such plea.
At the change of plea hearing, appellant withdrew his not guilty plea and entered a plea of guilty. Based on appellant's testimony, the court found a factual basis to support the plea. Appellant agreed to enter into the substantial assistance agreement with the state and as part of the agreement, it was up to the prosecutor to *395 determine whether the statements given by appellant were truthful and whether he was in violation of the terms of the agreement. The court sealed the file and deferred sentencing for 90 days as required under the agreement, but never formally accepted appellant's guilty plea.
On January 28, 1999, appellant was arrested and charged with possession of cocaine with intent to deliver. At the June 23, 1999, sentencing hearing, the prosecutor determined that appellant violated his agreement by virtue of his arrest and would not certify substantial assistance. Sentencing was deferred until July 22, 1999. Prior to sentencing, appellant, on July 19, 1999, moved to withdraw his guilty plea[1], which was denied.
Despite appellant's agreement with the state not to withdraw his guilty plea, we are constrained to reverse under Harden v. State, 453 So.2d 550 (Fla. 4th DCA 1984) and Florida Rules of Criminal Procedure 3.172(f). Until formal acceptance of a plea, a defendant may withdraw his plea at any time before sentencing.
Florida Rule of Criminal Procedure 3.172(f) provides that:
No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
In Harden v. State, 453 So.2d 550, 551 (Fla. 4th DCA 1984), this court clarified the meaning of formal acceptance as set forth in rule 3.172(f) and held that "formal acceptance of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea." "Until formal acceptance has occurred, the plea binds no one; not the defendant, the prosecutor or the court." See id. at 550 (citations omitted). Since the ability of all parties to repudiate a negotiated plea hinges upon acceptance of the plea by the court, the rule wisely requires formal acceptance of that plea, rather than subjective or implied acceptance. See id.; see also Bass v. State, 541 So.2d 1336 (Fla. 4th DCA 1989).
Because the court never formally accepted appellant's guilty plea and appellant moved to withdraw his plea prior to sentencing, we reverse appellant's judgment of conviction and sentence and remand with directions to allow appellant to withdraw his plea and proceed to a jury trial.
REVERSED AND REMANDED WITH DIRECTIONS.
WARNER, C.J., and HAZOURI, J., concur.
NOTES
[1] While the issue on appeal was not raised below, we conclude that the issue has been sufficiently preserved under Florida Rules of Criminal Procedure 3.172(f).