PER CURIAM.
Dwayne Lamont Harrell entered a negotiated plea reserving his right to appeal the denial of his dispositive motion to suppress. After a lengthy plea acceptance colloquy, the court passed the case for sentencing, but the transcript does not indicate whether the court formally accepted the plea. Thereafter, the appellant filed a *1060 motion to withdraw his plea. At trial, he did not argue, as he does on appeal, that he was entitled to withdraw his plea pursuant to Florida Rule of Criminal. Procedure 3.172(f) because the court had not formally-accepted it. The court denied the motion, rejecting the grounds raised. We affirm the denial of the motion to suppress without discussion. Finding that appellant failed to preserve his argument that the trial court did not formally accept his plea, we affirm the denial of the motion to withdraw as welh
Section 924.051(3), Florida Statutes (2000) provides that “[a]n appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not preserved would constitute fundamental error.... ” To be “preserved,” an issue, legal argument or objection must have been raised before, and ruled on by, the trial court. § 924.051(l)(b), Fla. Stat. Appellant has not alleged or argued fundamental error, and we know of. no other exception to the preservation rule. Therefore, because appellant failed to preserve any argument based upon rule 3.172(f), we must affirm. To the extent that the decision in Miller v. State, 775 So.2d 394, 395 n. 1 (Fla. 4th DCA 2000), is in conflict, we hereby certify such conflict to the Florida Supreme Court. See Florida Rule of Appellate Procedure 9.030(a)(2)(A)(iv).
AFFIRMED.
BOOTH and VAN NORTWICK, JJ., concur and BENTON, J., dissents With written opinion.