BENTON, J.,
dissenting.
At issue in the present case is the right to trial by jury in a criminal case. Florida Rule of Criminal Procedure 3.172(f) provides:
No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
(Emphasis supplied.) Before the trial judge accepted appellant’s plea, appellant filed a motion to withdraw a plea of guilty, stating grounds.
The trial court denied the motion, finding that the grounds were not good ones. On appeal, appellant argues that he need not have stated any justification whatsoever in order to have been entitled under the rule to withdraw his plea. The majority opinion does not disagree with this proposition, but holds that the failure to argue in the court below that the motion to withdraw had to be granted “without any necessary justification” precludes relief here.
In my view, the motion should have been granted, whatever grounds were or were not stated, and filing the motion was enough to preserve the point for appellate review, as was held in Miller v. State, 775 So.2d 394, 395 n. 1 (Fla. 4th DCA 2000). I cannot agree that offering “unnecessary justification” should work as a forfeiture of the right to vindicate the denial of appellant’s right to withdraw the plea. Accordingly, I respectfully dissent.