894 So.2d 935 (2005)
Dwayne Lamont HARRELL, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-2244.
Supreme Court of Florida.
February 10, 2005.
*936 James T. Miller, Special Assistant Public Defender, Jacksonville, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, James W. Rogers, Bureau Chief, Criminal Appeals, and Kenneth D. Pratt, Assistant Attorney General, Tallahassee, FL, for Respondent.
CANTERO, J.
We must decide whether a motion to withdraw a plea that fails to allege that the trial court did not formally accept the plea nevertheless preserves that issue for review. In the case under review, the First District Court of Appeal held that, to preserve the issue for review, a defendant must specify the trial court's failure formally to accept the plea in his motion. See Harrell v. State, 826 So.2d 1059, 1060 (Fla. 1st DCA 2002). The court certified conflict with Miller v. State, 775 So.2d 394 (Fla. 4th DCA 2000). We have discretionary jurisdiction and granted review to resolve the conflict. See art. V, § 3(b)(4), Fla. Const.; Harrell v. State, 837 So.2d 409 (Fla.2003) (order granting review). As explained below, we approve the decision in Harrell.

I. THE FACTS AND THE CONFLICT
Petitioner Harrell was indicted on charges of first-degree murder, armed robbery, and possession of a firearm by a convicted felon (PFCF). He signed a plea agreement in which he agreed to plead no contest to the PFCF charge, reserved the *937 right to appeal the denial of his motion to suppress (which the parties agreed was dispositive of that charge), waived speedy trial, and accepted a sentence of fifteen years as a habitual offender. In exchange, the State agreed to dismiss the murder and robbery counts, but reserved the right to re-file them if Harrell prevailed in the appeal.
At the plea hearing, the trial court questioned Harrell at length about his plea. Among other things, Harrell admitted he was a habitual offender and, in response to the court's question, said that no one had intimidated or threatened him into making the plea. The trial court then set the case for sentencing. Apparently through inadvertence  but contrary to Florida Rule of Criminal Procedure 3.172(f)the court failed formally to accept the plea.
Several days later, Harrell filed a "Motion to Withdraw Plea of Guilty," which in its entirety stated:
Comes now the Defendant, by and through his undersigned attorney, and moves this Court to allow him to withdraw his plea of guilty in the above-styled case and would state as grounds therefore [sic], the following:
1. The Defendant believes he is not a habitual offender.
2. The Defendant was threatened by Assistant State Attorney Bernardo De La Rionda and thus, was intimidated into entering his plea.
Wherefore, the Defendant moves this court to withdraw his previously entered plea of guilty in the above-styled case.
The motion did not cite any rule of procedure, nor did it allege that the court had failed to accept the plea.
At the hearing on the motion, Harrell contended that his plea was involuntary because he was intimidated into agreeing to it. The court reviewed with Harrell the transcript of the plea colloquy question by question to determine what Harrell did not understand when he entered his plea. Harrell admitted he understood each and every question, except one. Harrell claimed that when the judge asked whether anyone had intimidated or coerced him into making the plea and he responded "no," he was confused because he feared the assistant state attorney and therefore believed entering the plea was the right thing to do. Later in the hearing, however, Harrell reversed himself, saying that the question did not confuse him. Again, Harrell did not argue that the trial court never formally accepted the plea. The court denied the motion to withdraw.
On appeal, Harrell claimed for the first time that the trial court erred in denying his motion to withdraw because at the time he filed the motion, the trial court had not formally accepted his plea, as Florida Rule of Criminal Procedure 3.172(f) requires. The First District affirmed the denial of the motion, holding that Harrell failed to preserve the issue, and certified conflict with Miller. Harrell, 826 So.2d at 1060.[1]
In Miller, the defendant entered into a substantial assistance agreement and entered a guilty plea. The court deferred sentencing in accordance with the agreement. 775 So.2d at 394. Subsequently, Miller was charged with another crime, and the State refused to certify Miller's substantial assistance. Miller moved to withdraw his plea (for reasons not revealed in the opinion), and the trial court denied the motion. Id. at 395. The district court concluded that "[w]hile the issue on appeal *938 was not raised below, ... the issue has been sufficiently preserved under Florida Rule of Criminal Procedure 3.172(f)." Id. at 395 n. 1 (emphasis added). The Fourth District Court of Appeal presumably found that filing the motion to withdraw sufficiently preserved the trial court's failure to accept the plea. The court reversed the judgment and sentence to permit Miller to withdraw his plea. Id. Thus, Harrell and Miller conflict about whether the filing of a motion to withdraw that does not state as grounds the trial court's failure formally to accept the plea nevertheless preserves that ground for review. As we explain below, we agree with Harrell.

II. DISCUSSION OF LAW
The conflict between Harrell and Miller concerns whether a defendant may argue on appeal that his motion to withdraw should have been granted because the trial court failed formally to accept the plea even though the motion did not allege that ground. Therefore, we need not decide whether the trial court in this case did formally accept the plea, or examine the circumstances that constitute a formal acceptance. In the following sections, we (A) examine the rules governing the withdrawal of guilty pleas; (B) analyze the statutes and case law requiring preservation of issues for review; (C) determine whether Harrell sufficiently preserved the argument that the trial court failed formally to accept the plea; and finally, (D) consider whether the fundamental error doctrine applies.

A. Rules Governing the Withdrawal of a Plea
To analyze whether Harrell's motion to withdraw preserved his argument that the trial court failed formally to accept his plea, we must first examine the relevant rules governing the withdrawal of pleas and which rule, if any, Harrell's motion invoked. Two rules of procedure address that subject: Florida Rules of Criminal Procedure 3.172(f) and 3.170(f). We discuss each in turn.
Rule 3.172 governs the acceptance of pleas. It provides in pertinent part as follows:
(f) Withdrawal of Plea Offer or Negotiation. No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
(Emphasis added.) This rule permits a defendant to withdraw a plea at any time before the court formally accepts it. A trial court's failure to grant a motion to withdraw raising this claim constitutes reversible error. See Bass v. State, 541 So.2d 1336 (Fla. 4th DCA 1989). As the court in Bass noted:
It is not easy for us to conclude that the trial court did not formally accept the plea herein because we feel confident the trial judge intended to, and probably felt he had. This formal omission is easily understood considering the volume of cases proceeding through the court and the absence of any ostensible contest over the proceeding. Nevertheless, when push comes to shove, we are obliged to follow the rule as written and construed by the cases. No formal acceptance by the court, no bar to withdrawal by any of the triumvirate  state, defendant or the court.
Id. at 1338; accord Turner v. State, 616 So.2d 194, 194 (Fla. 3d DCA 1993) (holding that "[u]nder these circumstances, the defendant had an absolute right to withdraw *939 his plea prior to sentencing `without any necessary justification'").
Florida Rule of Criminal Procedure 3.170 also governs pleas. It provides a defendant an opportunity to withdraw a previously entered plea:
(f) Withdrawal of a Plea of Guilty. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn the plea may not be used against the defendant in a trial of that cause.
Rule 3.170(f) limits the opportunity for withdrawing a plea to the period before sentencing.[2] Rule 3.172(f) contains no such limitation. In Demartine v. State, 647 So.2d 900, 900 (Fla. 4th DCA 1994), however, the Fourth District concluded, based on the history of rules 3.172 and 3.170, that rule 3.172 "simply codified in greater detail the requirements for acceptance of a plea" in rule 3.170 and that the two rules must be read in pari materia. 647 So.2d at 902. Accordingly, the court held that both of these rule provisions apply only before sentencing. We agree. The criminal rules establish sentencing as a critical juncture in a defendant's ability to withdraw a plea. See generally State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003) (explaining the different standards applicable to pre- and post-sentencing motions to withdraw pleas).
Under the criminal rules, therefore, a defendant's pre-sentencing motion to withdraw may take two distinct tracks. Rule 3.172(f) applies when a plea has not been formally accepted. Rule 3.170(f) allows a defendant to seek withdrawal of a plea for any number of reasons. Under rule 3.172(f), the court has no discretion. If the court has not formally accepted the plea, it must allow withdrawal. Under 3.170(f), on the other hand, the court has discretion to deny the motion unless the defendant establishes "good cause," in which case the court must grant it. See Partlow, 840 So.2d at 1042 (Fla.2003) ("Under this provision [rule 3.170(f)], a trial court plainly has broad discretion in determining motions to withdraw a plea.").
Harrell's motion failed to invoke a specific rule. He argued simply that he was "threatened" and "intimidated" into entering his plea. Such grounds may constitute a basis to withdraw a plea under rule 3.170(f), but not under rule 3.172(f). Therefore, Harrell's motion implicitly invoked rule 3.170(f).

B. The Preservation Requirement
Both Florida Statutes and our own case law require a defendant to preserve issues for appellate review by raising them first in the trial court. Section 924.051, Florida Statutes (2000), addresses the "[t]erms and conditions of appeals and collateral review in criminal cases." It reads in part as follows:
(3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly *940 preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court, or if not properly preserved, would constitute fundamental error.
§ 924.051(3), Fla. Stat. (2000) (emphasis added). Under the statute, "preserved" means an issue or legal argument timely raised and ruled on by the trial court, that is "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." § 924.051(1)(b), Fla. Stat. (2000) (emphasis added).
These statutory provisions are consistent with our holdings requiring preservation of error. Moreover, we consistently have stated that proper preservation entails three components. First, a litigant must make a timely, contemporaneous objection. Second, the party must state a legal ground for that objection. Third, "[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below." Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982) (emphasis added); accord Rodriguez v. State, 609 So.2d 493, 499 (Fla.1992) (stating that "the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal"). The purpose of this rule is to "place[ ] the trial judge on notice that error may have been committed, and provide[ ] him an opportunity to correct it at an early stage of the proceedings." Castor v. State, 365 So.2d 701, 703 (Fla.1978). The sole exception to the rule is for fundamental error, which we discuss later.

C. Harrell Did Not Preserve His Claim
Having reviewed the rules of procedure and the preservation requirements, we now address whether the mere filing of a motion to withdraw before sentencing preserves the claim that the trial court had not formally accepted the plea. Harrell argues that because rule 3.172(f) does not require "justification," he need not inform the court of this claim. Although it is true that rule 3.172(f) allows a defendant to withdraw an unaccepted plea without justification, that means only that a defendant need not provide reasons. It does not mean that a defendant may keep secret the fact that he is invoking the rule. Invocation of rule 3.172(f) simply identifies for the trial court and the State the legal basis for the motion and enables the court to apply the correct rule. In this case, Harrell argued that his plea was involuntary, which invoked rule 3.170 (f), not rule 3.172 (f). All proceedings were conducted under rule 3.170(f). Everyone, including the defendant, assumed the plea had been accepted. Had the defendant invoked rule 3.172(f), the court and the parties could have examined the transcript of the plea hearing and any other circumstances relevant to whether the court formally accepted the plea. Because Harrell never invoked that rule, however, the court never had an opportunity to address the issue.
As we noted earlier, a motion to withdraw filed before sentencing could be either of two different types of motions, with distinct burdens and standards. Therefore, to preserve the claim as one filed under rule 3.172(f), the defendant must specifically invoke that rule or argue in the motion that the trial court failed formally to accept the plea. See State v. T.G., 800 So.2d 204, 210 (Fla.2001) (reiterating that the contemporaneous objection rule serves to avert the gamesmanship *941 of allowing errors to go undetected and uncorrected and thus preventing the appellate court from reviewing an actual decision of the trial court). Such a requirement is consistent with both the statute and our own cases governing issue preservation.

D. Fundamental Error
As we have noted, the sole exception to the contemporaneous objection requirement is fundamental error. See F.B. v. State, 852 So.2d 226, 229 (Fla.2003). If the trial court's failure formally to accept the plea constituted fundamental error, Harrell could raise the issue on appeal even though he failed to preserve it. Harrell admits he did not argue in the district court that the trial court's error was fundamental, but urges us to address the issue and so hold. Assuming we agreed to reach an issue Harrell did not argue in the district court, we decline to apply the fundamental error doctrine in these circumstances. We have warned that the fundamental error doctrine applies only rarely. F.B., 852 So.2d at 229; see also Smith v. State, 521 So.2d 106, 108 (Fla.1988) (warning that "[t]he doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application"). To be fundamental, an error must "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Brown v. State, 124 So.2d 481, 484 (Fla.1960). In both Harrell and Miller, the district courts agreed that the issue presented in this case must be preserved for review. See also Demartine, 647 So.2d at 900 (holding that failure formally to accept plea does not constitute fundamental error). Failure formally to accept a plea does not constitute error of such magnitude that it reaches down to the validity of Harrell's plea. To the contrary, although the trial court did not state the magic words, everyone understood that the court accepted the plea. Otherwise, the court would not have scheduled sentencing. Moreover, the court advised Harrell of the ramifications of the plea and made sure he understood them. Formal acceptance of the plea is precisely what it implies: a formality. The interests of justice do not demand application of the fundamental error doctrine.

III. CONCLUSION
For the reasons stated, we hold that the mere filing of a motion to withdraw a plea before sentencing does not preserve the claim that a defendant is entitled to withdraw the plea under rule 3.172(f) because the court failed formally to accept it. To preserve the claim, a defendant must specifically allege the trial court's failure to formally accept the plea. Accordingly, we approve the decision of the First District Court of Appeal. We disapprove Miller to the extent it is inconsistent with this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, and BELL, JJ., concur.
NOTES
[1] The court also affirmed the denial of Harrell's motion to suppress without discussion. 826 So.2d at 1060.
[2] Motions to withdraw pleas after sentencing are subject to rule 3.170(l), which allows withdrawal of a plea only for the specific reasons listed in Florida Rule of Appellate Procedure 9.140(b). These include lack of subject matter jurisdiction, violation of the plea agreement, and involuntariness of the plea.