SUAREZ, J.
Phillip Cherisma appeals from a final judgment of conviction. We affirm.
Cherisma was charged with one count of armed robbery, one count of impersonating an officer while committing an armed robbery, and one count of armed burglary. The victim testified that he was pulled over by a man driving a white Dodge Charger with police lights. The driver, who held a gun and appeared to be wearing a badge, approached the victim’s car and told him they were searching vehicles. *1196 The man asked the victim to get out of the car, and he did. A second man, later identified as the appellant, was sitting in the Dodge Charger while the driver searched the victim’s car as well as the victim, took the victim’s wallet and cell phone, got into the Charger and drove off. The victim called the police, provided a description of the suspects and later positively identified the appellant and his co-defendant by photo lineup. The jury found Cherisma guilty as charged. He was sentenced as a prison release re-offender to life on counts one and three, and to fifteen years on count two.
The defense, on cross-examination, elicited testimony from the investigating detective, Detective Gabriel, that the victim’s report of the incident varied in some of the details he remembered.[1] The State, on redirect and after objection from the defense, was allowed to ask Detective Gabriel whether he would have altered his decision to arrest the defendant had he known of these discrepancies between the victim’s report to the police of the incident and the victim’s later report to the investigating detective. The detective answered that, had he known of these discrepancies, he would have arrested the defendant anyway. He explained that these variations of detail did not alter the basic implication that the defendant had committed a crime against the victim.
The defendant argues that the trial court erred by allowing the State, on redirect, to elicit this testimony from Detective Gabriel because it was improper bolstering of victim’s testimony. Detective Gabriel’s testimony, that he would have proceeded with his investigation despite inconsistencies between the victim’s initial and subsequent account of the details, was elicited in rebuttal to the defense suggestion on cross-examination that the victim was an unreliable witness. His responses did not amount to vouching for the victim’s credibility or the truthfulness of his testimony. The trial court did not err by allowing the State to elicit this testimony as proper rebuttal to the defense’s questions.
The State next introduced a Williams[2] rule witness, who had been robbed in a similar manner about an hour after the first victim. She initially reported that the person who robbed her was clean-shaven. At trial, the witness could not identify Cherisma as the person who had robbed her, although she had positively identified him from a photo lineup several days after the offense. That photo showed the defendant with some sparse chin hair. The State, again on re-direct and in response to defense questions regarding the objectivity of the photo lineup, elicited testimony from the second investigating officer, Detective Bendiano, in response the suggestion by the defense that the lineup was biased. The defense made a general objection to the questioning, which fell short of preserving the issue for appeal by its lack of specificity. To satisfy the preservation requirement, “an issue, legal argument, or objection to evidence” must be “timely raised before, and ruled on by, the trial court, and the issue, legal argument, or objection to evidence” must have been “sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefore.” § 924.051(l)(b), Fla. Stat. (2005); see also *1197 Harrell v. State, 894 So.2d 935, 940 (Fla.2005) (“The purpose of this rule is to ‘place the trial judge on notice that error may-have been committed, and provide her with an opportunity to correct it at an early stage of the proceedings.”). An appeal may not be taken from a trial court judgment or order unless a prejudicial error is properly preserved, or the error amounts to fundamental error. See § 924.051(3), Fla. Stat. (2005); State v. Roberts, 963 So.2d 747 (Fla. 3d DCA 2007). Further, Detective Bendiano’s response on re-direct examination did not express an opinion as to the eyewitness’s credibility. The error, if any, was not properly preserved for appeal, and it does not amount to fundamental error.
We affirm the defendant’s convictions and sentences.
SHEPHERD, J., concurs.

. For instance, discrepancies between the victim's initial report and testimony included whether the victim said the flashing lights were blue, or red/blue; whether he said that the gun had a scope light attached or not; and whether the victim knew that his credit card had been used right after the robbery.

. Williams v. State, 110 So.2d 654 (Fla.1959).