ROTHENBERG, J.
The defendant, Anthony Ledea, appeals his convictions for possession of cocaine, aggravated fleeing, and two counts of assault, and the sentence imposed for the possession offense. Although we affirm the convictions, we reverse the sentence imposed for possession of cocaine, and remand with instructions to the trial court to delete the habitual offender designation for that offense, and to reduce the ten-year sentence for that offense to a sentence no greater than the statutory maximum sentence of five years.
The defendant raises two issues in this appeal: (1) the trial court abused its discretion by denying his motion for a mistrial; and (2) the trial court improperly sentenced the defendant to ten years as a habitual offender for the offense of possession of cocaine. We briefly address both issues.
“[A] trial court’s ruling on a motion for mistrial is subject to an abuse of discretion standard of review.” Schoenwetter v. State, 931 So.2d 857, 872 (Fla.2006); see also Villanueva v. State, 917 So.2d 968, 972 (Fla. 3d DCA 2005) (applying an abuse of discretion standard of review). The claimed error is the State’s questioning during redirect examination, which the defendant submits attempted to improperly shift the burden to the defendant. Because: (1) the objection to the question posed was properly sustained by the trial court; (2) the defendant declined the trial court’s invitation to give a curative instruction, which we conclude would have removed any potential taint regarding the jury’s understanding as to the burden of proof; (3) the jury was properly instructed regarding the burden of proof at the close of the evidence; and (4) the objected-to question was negligible and isolated, we find no abuse of discretion, and we therefore affirm the convictions.
*90 The ten-year habitual offender sentence imposed for possession of cocaine, however, is an illegal sentence. See § 775.084(l)(a)(3), Fla. Stat. (2010) (precluding habitual offender sentencing for violations of section 893.13, relating to the purchase or possession of a controlled substance); Coleman v. State, 927 So.2d 1048, 1048 (Fla. 2d DCA 2006) Although it appears that the trial court attempted to correct this sentencing error by issuing a corrected order sentencing the defendant to ten years’ imprisonment for possession of cocaine without the habitual offender designation subsequent to the filing of the defendant’s notice of appeal, the corrected order does not fully correct the error. Because the statutory maximum sentence for simple possession of cocaine is five years, and the habitual offender enhancement was improperly imposed, the sentence for this count must be reduced to five years.
Accordingly, we affirm the convictions and reverse and remand for correction of the sentence for possession of cocaine to five years.
Affirmed in part; reversed and remanded in part.