PER CURIAM.
Appellant, through counsel, has attempted to challenge the constitutionality of Florida’s drug statute; specifically, section 893.13, Florida Statutes. His counsel maintains the statute is unconstitutional because it does not contain a mens rea requirement. Counsel acknowledges our supreme court has rejected this exact argument, but she maintains the appeal is to preserve the claim “for federal review purposes.” See Shelton v. Sec’y, Dep’t of Corr., 802 F.Supp.2d 1289 (M.D.Fla.2011); State v. Adkins, 96 So.3d 412 (Fla.2012).
As an initial matter, though, this claim was not raised at the trial level. Below, Appellant moved to suppress evidence recovered after police entered into his home. After the trial court denied his motion, Appellant accepted a plea; specifically reserving the right to appeal one issue: the denial of the motion to suppress. Appellant’s notice of appeal lists only the motion to suppress, and his statement of judicial acts to be reviewed lists solely the motion to suppress as well. Nowhere does the record reflect Appellant advanced his constitutional argument to the trial court. He has, therefore, not preserved the issue for appeal. Harrell v. State, 894 So.2d 935, 940 (Fla.2005).
Moreover, however, both Appellant’s counsel and the State fail to recognize that the Eleventh Circuit Court of Appeals reversed the trial court’s Shelton decision in August 2012. Shelton v. Sec’y, Dep’t of Corr., 691 F.3d 1348 (11th Cir.2012). And, each also fails to recognize the United States Supreme Court then denied certio-rari in April 2013. Shelton v. Crews, — U.S.-, 133 S.Ct. 1856, 185 L.Ed.2d 822 (2013). Thus, there is nothing to preserve “for federal review purposes.” See Shelton v. Sec’y, Dep’t of Corr., 802 F.Supp.2d 1289 (M.D.Fla.2011), rev’d, 691 F.3d 1348 (11th Cir.2012), cert. denied sub nom., Shelton v. Crews, — U.S.-, 133 S.Ct. 1856, 185 L.Ed.2d 822 (2013).
Accordingly, Appellant failed to preserve the issue he argues before this Court. And, to the extent we were to entertain the argument, it is clearly without merit. We AFFIRM Appellant’s judgment and sentence.
WOLF, VAN NORTWICK, and CLARK, JJ., concur.