# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1434
Lower Tribunal No. 11-13440

_____

**Jose Mora,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and SALTER, JJ.

PER CURIAM.

Jose Mora appeals his conviction and sentence for second-degree murder. In affirming, we address a single issue raised by the appellant regarding the prosecutor's allegedly-improper closing argument. In this case, the prosecutor told the jury, at separate points in her closing argument, "[t]his trial has been a circus of a parade of incidents," that the jury should rely on what the witnesses said, not what defense counsel told them, "because she [defense counsel] misrepresented the facts," and that the defense case of self-defense was "just a theory" and "something that has been fabricated."

These comments were indeed improper. The timely objections by the defense should have been sustained. Each such comment warranted a curative instruction and, in the discretion of the trial judge, a sidebar and warning to the prosecutor. A trial is not a "circus."[1] Defense counsel was not intentionally misrepresenting facts or "fabricating" them.[2] The Rules Regulating the Florida Bar, local codes of professionalism, and the reported decisions of all six state appellate courts in Florida demand a higher standard. "Verbal attacks on the

---

[1] "A criminal trial is a neutral arena wherein both sides place evidence for the jury's consideration; the role of counsel in closing argument is to assist the jury in analyzing that evidence, not to obscure the jury's view with **personal opinion**, emotion, and nonrecord evidence." Ruiz v. State, 743 So. 2d 1, 4 (Fla. 1999) (emphasis provided).

[2] Indeed, if the prosecutor actually believed that defense counsel offered "fabricated" evidence during the case, this would constitute that lawyer's violation of Rule 4–3.3(a)(4) of the Rules Regulating The Florida Bar. The prosecutor could be obligated to report the violation to the Bar. R. Regulating the Fla. Bar 4–8.3(a).

personal integrity of opposing counsel are inconsistent with the prosecutor's role and are unprofessional." Merck v. State, 975 So. 2d 1054, 1070 (Fla. 2007).

This is not a new problem. See, e.g., Jackson v. State, 421 So. 2d 15 (Fla. 3d DCA 1982). Although the State Attorney's Office prosecutes these cases, the regional office of the Attorney General of Florida is required to handle any resulting appeals. One imagines that improper argument of this kind might diminish if the prosecutor who created the issue at trial was required to research and write the appellee's brief, and then argue the appeal here. In-service trainings between the two offices might also mitigate the problem.[3]

Turning to the present case, only two facts save the State from a reversal. First, the comments were isolated and not "pervasive." See, e.g., Cardona v. State, 185 So. 3d 514, 516 (Fla. 2016). Second, the evidence of guilt was overwhelming. The medical examiner testified that the victim suffered seven entrance gunshot wounds, in the front, side, and back, consistent with being shot from a few feet away. The defendant owned and used both pistols and did not deny that in his own testimony. Eyewitnesses and other evidence did not corroborate the defendant's claim of self-defense regarding the actual incident. On this record "there is no reasonable probability that the improper comments affected the verdict," with the result that "such error is harmless and does not require reversal." Braddy v. State,

---

[3] This is not to suggest that defense counsel are exempt from such issues; the applicable Rules and decisions apply to prosecutors and defense counsel alike.

111 So. 3d 810, 837 (Fla. 2012) (citing <u>Hitchcock v. State</u>, 755 So. 2d 638, 643 (Fla. 2000)).

The remaining issues raised by the appellant do not merit further analysis. Affirmed.