# Third District Court of Appeal

## State of Florida

Opinion filed November 7, 2018.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D17-0361
Lower Tribunal No. 09-15874B

————————————

**Stevenson Charles,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SALTER, and LINDSEY, JJ.

LINDSEY, J.

A jury found Stevenson Charles guilty of first-degree murder (Count I), armed robbery (Count II), and grand theft auto (Count III) on January 26, 2017. The trial court sentenced Charles to consecutive life sentences for Counts I and II, and to a concurrent five-year sentence for Count III. On appeal, Charles contends that the trial court abused its discretion by denying his motion for a mistrial based on two improper comments made by the prosecutor. We disagree and for the reasons set forth below, affirm.

On November 28, 2008, Martin Sprung was shot and killed inside the pawnshop he owned in North Miami. On the day of the incident, Charles and Passion Carr went to Sprung's pawnshop together and were inside at the time of the shooting. Both Charles and Carr testified at trial, with each blaming the other for shooting Sprung.[1] On appeal, Charles asserts that the following comments made by the prosecutor were improper:

> [PROSECUTOR]: Okay. So you looked for girls, and you exploit them; right?
>
> [CHARLES]: You could say that.
>
> [PROSECUTOR]: You could say that. In fact, you indicated on direct, your very first words, is I'm a hustler; right?
>
> [CHARLES]: Yes, ma'am.

---

[1] Carr was also arrested and charged with first-degree murder, armed robbery, and grand theft of a motor vehicle in connection with Sprung's killing. Carr ultimately pleaded guilty to accessory after the fact in exchange for testifying against Charles.

[PROSECUTOR]:  And you're trying to hustle this jury with that testimony that you just gave to your defense counsel.  You're trying to hustle them, that you hustled those girls, and like you tried to hustle Martin Sprung; isn't that right?

[CHARLES]:  Wrong.

[PROSECUTOR]:  Okay.  So let's talk about what you told him on direct because I'm not going to let you hustle this jury.

[DEFENSE COUNSEL]:  Objection –

[PROSECUTOR]:  All right.

[DEFENSE COUNSEL]:  Objection, Judge.  She can ask questions, not make comments.

[PROSECUTOR]:  I'll ask questions.  I'll keep going.

THE COURT:  Sustained.

Charles claims that the prosecutor's "hustle" comments were an improper attempt by the State to attack his integrity in front of the jury.  Shortly thereafter, the prosecutor questioned Charles about his connection to the victim's stolen vehicle.  After Charles repeatedly denied any knowledge about the stolen car, the prosecutor asked, "[y]ou expect this jury to believe that?"  Defense counsel's contemporaneous objection was sustained by the trial court.  A sidebar conference was subsequently held and defense counsel moved for a mistrial, explaining that multiple objections were made to the prosecutor's "speaking arguments."  Defense

3

counsel further explained that the cumulative nature of the prosecutor's speaking arguments were so improper that a mistrial was warranted. The trial court denied the motion for a mistrial, reasoning that it had sustained defense counsel's objections and that the prosecutor moved on to different questions.

On appeal, Charles asserts that a new trial is warranted based on the prosecutor's improper comments and questions that were designed to attack his integrity. The State argues that the objected-to remarks were not properly preserved for appellate review because Charles raises a different legal ground for the objection on appeal than the "speaking arguments" basis provided at trial. We agree.

It has long been settled law in Florida that "[t]o be preserved for appeal, 'the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.'" Chamberlain v. State, 881 So. 2d 1087, 1100 (Fla. 2004) (quoting Spann v. State, 857 So. 2d 845, 852 (Fla. 2003)). Accordingly, a party must satisfy the following three components to properly preserve an issue for appellate review: "(1) a timely, contemporaneous objection; (2) a legal ground for the objection and; (3) '[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.'" Fleitas v. State, 3 So. 3d 351, 355 (Fla. 3d DCA 2008) (quoting Harrell v. State, 894 So.2d 935, 940 (Fla.

4

2005)).  "The purpose of this rule is to place the trial court on notice that an error may have been committed and therefore provide the trial court with an opportunity to rectify the error prior to any appellate review." Id. at 355.[2]

At trial, defense counsel stated that the first objection was based on the prosecutor making comments instead of asking questions.  Defense counsel made no assertion that the legal ground for objecting to the prosecutor's "hustle" comments was because it improperly attacked Charles's integrity.  During a subsequent exchange about the victim's stolen vehicle, defense counsel objected after the prosecutor asked Charles whether "[y]ou expect this jury to believe that?"  During a sidebar discussion, defense counsel again stated that the legal ground for the objection was the prosecutor's "speaking arguments" and that the cumulative nature of the errors warranted a mistrial.

On appeal, however, Charles raises a different legal basis, now arguing that a new trial is required because the prosecutor's comments were an improper attack on his integrity.  Because Charles asserts a different legal basis from that presented below, the objected-to remarks were not properly preserved for appellate review.

---

[2] Fundamental error is the only recognized exception to the preservation requirements.  See § 924.051(3), Fla. Stat. (2016); Cherisma v. State, 86 So. 3d 1195, 1197 (Fla. 3d DCA 2012).  However, to be fundamental, the error must be one that "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Caraballo v. State, 39 So. 3d 1234, 1249 (Fla. 2010) (internal quotations and citations omitted).

5

See Murray v. State, 3 So. 3d 1108, 1117 (Fla. 2009) ("For an issue to be preserved for appeal, it must be presented to the lower court, and the specific legal argument or ground to be argued on appeal must be part of that presentation." (quoting Doorbal v. State, 983 So. 2d 464, 492 (Fla. 2008))). "While no magic words are needed to make a proper objection, the articulated concern must be sufficiently specific to inform the court of the perceived error." Id. at 1117 (internal quotations and citations omitted). Here, it was not.

Further, even if the objected-to comments had been properly preserved, we find Charles' argument without merit. "A ruling on a motion for mistrial is within the sound discretion of the trial court, and we review the denial of that motion under a standard of abuse of discretion." Wellons v. State, 87 So. 3d 1223, 1225 (Fla. 3d DCA 2012) (citing Salazar v. State, 991 So. 2d 364, 372 (Fla. 2008)). Here, the prosecutor made two improper comments. However, the trial court properly sustained defense counsel's objections, the comments were isolated and not pervasive, and no curative instruction was requested. See Ledea v. State, 121 So. 3d 88, 89 (Fla. 3d DCA 2013) (concluding that the denial of the defendant's motion for mistrial was not an abuse of discretion where the objections were properly sustained, the defendant declined the trial court's invitation to give a curative instruction, the objected-to question was isolated, and the jury was properly instructed at the close of the evidence).

6

Moreover, the evidence of guilt was overwhelming: (i) Carr testified that she was with Charles when he shot and killed Sprung; (ii) Charles' fingerprint was found on a piece of paper underneath the victim's body; (iii) Charles was in possession of the victim's firearm when arrested by police on December 8, 2008; (iv) the State proffered testimony connecting Charles to the victim's stolen vehicle; and (v) the medical examiner testified that the victim suffered a gunshot entry wound consistent with a trajectory from Charles' height and inconsistent with Carr's height. Accordingly, there is no reasonable probability that the two isolated comments made by the prosecutor affected the verdict, and therefore any "such error is harmless and does not require reversal." Braddy v. State, 111 So. 3d 810, 837 (Fla. 2012) (citing Hitchcock v. State, 755 So. 2d 638, 643 (Fla. 2000)). See also Mora v. State, 211 So. 3d 308, 310 (Fla. 3d DCA 2017) (holding that reversal was not required because the prosecutor's improper "comments were isolated and not pervasive" and the "evidence of guilt was overwhelming") (internal quotation omitted).

Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Charles' motion for a mistrial.

Affirmed.