# Supreme Court of Florida

_____

No. SC19-96
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**GEOVANI JOHNSON,**
Respondent.

May 21, 2020

LAWSON, J.

In the decision on review, *Johnson v. State*, 268 So. 3d 729 (Fla 4th DCA 2018), the Fourth District Court of Appeal certified direct conflict with the decisions of several other district courts of appeal in *Ivy v. State*, 196 So. 3d 394 (Fla. 2d DCA 2016), *Hanna v. State*, 194 So. 3d 424 (Fla. 3d DCA 2016), and *Brown v. State*, 204 So. 3d 546 (Fla. 5th DCA 2016). The conflict concerns the procedure for preserving a challenge to the trial court's determination that the facially race-neutral reason proffered by the proponent of a peremptory strike was genuine under step 3 of *Melbourne v. State*, 679 So. 2d 759, 764 (Fla. 1996) (setting forth a three-step inquiry to review claims of discriminatory use of

peremptory strikes: (1) objection; (2) race-neutral explanation; and (3) determination of genuineness). We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const. For the reasons below, we hold that the party opposing a peremptory strike must make a specific objection to the proponent's proffered race-neutral reason for the strike, if contested, to preserve the claim that the trial court erred in concluding that the proffered reason was genuine. Accordingly, we quash the Fourth District's decision to the contrary in *Johnson* and approve the certified conflict cases to the extent they are consistent with this opinion.

## BACKGROUND

"Under Florida law, a party's use of peremptory challenges is limited only by the rule that the challenges may not be used to exclude members of a 'distinctive group,' " such as race. *San Martin v. State*, 705 So. 2d 1337, 1343 (Fla. 1997). In *Melbourne*, we recognized that "peremptories are presumed to be exercised in a nondiscriminatory manner" and articulated the following three-step test for trial courts to apply in determining whether a proposed peremptory challenge is race-neutral:

> A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.

At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. *Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.*

*Melbourne*, 679 So. 2d at 764 (footnotes omitted) (emphasis added).

In the voir dire proceedings in Johnson's case, the State proposed a peremptory strike as to a prospective African-American juror. *Johnson*, 268 So. 3d at 731. Johnson requested a race-neutral reason for the strike, and the State proffered that the prospective juror had previously indicated that he would prefer "CSI evidence," referencing the type of evidence commonly featured on a television show titled Crime Scene Investigation. *Id.* at 731 & n.2. Seemingly cutting off the State mid-explanation, the trial court found the proffered reason to be race-neutral and, without objection or argument from Johnson as to why the State's proffered reason was not genuine, upheld the State's peremptory strike. *Id.* at 732. Johnson later renewed his objection to the State's peremptory strike but never argued that the State's proffered explanation lacked record support nor advanced any argument as to why that explanation was not genuine. *Id.*

On appeal to the Fourth District, Johnson claimed that the trial court did not properly conduct step 3 of the *Melbourne* inquiry because the record did not show

that "the trial court . . . reviewe[d], analyze[d], or conducte[d] any 'judicial assessment' of the reasons given by the State for striking [the prospective juror at issue]." *Johnson*, 268 So. 3d at 733 (quoting *Hayes v. State*, 94 So. 3d 452, 462 (Fla. 2012)). In addition to disputing the merits of Johnson's claim, the State argued that Johnson failed to properly preserve the issue. *Id.* In rejecting the State's arguments, the Fourth District followed the plurality opinion in *Spencer v. State*, 238 So. 3d 708 (Fla. 2018), which relied on language from *Hayes*, 94 So. 3d 452, indicating that—even in the absence of an objection or argument by the opponent of the strike that the facially race-neutral reason given for the strike is pretextual (i.e., not genuine)—the trial court is subject to reversal for failing to make a record sufficient to demonstrate on appeal that it independently questioned the genuineness of the proffered reason for the strike before making its genuineness finding under step 3 of *Melbourne*. *Johnson*, 268 So. 3d at 736-37. Applying these decisions, the Fourth District determined that Johnson's request for a race-neutral reason during step 1 of *Melbourne* was all that was necessary to preserve an objection to the genuineness of the facially race-neutral reason proffered during step 2, *see id.*, and reversed and remanded for a new trial based on its conclusion that the trial court had failed to create a record sufficient to demonstrate compliance with the duty imposed by step 3 of *Melbourne* to determine the genuineness of the proffered race-neutral reason. *Id.* at 742-43. In

so holding, the Fourth District certified direct conflict with *Ivy*, *Hanna*, and *Brown*. *Johnson*, 268 So. 3d at 743.

## ANALYSIS

Generally, except in cases of fundamental error, we require parties to "preserve issues for appellate review by raising them first in the trial court." *Harrell v. State*, 894 So. 2d 935, 939 (Fla. 2005); *see also Morrison v. State*, 818 So. 2d 432, 446 (Fla. 2002) (concluding that a party must have made "the same argument to the trial court that it raises on appeal" to preserve the issue for appellate review); *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982) (holding that defense counsel did not preserve an issue for appellate review because he "did not present [the same] argument to the trial court"). "[P]roper preservation requires the following three steps from a party: (1) a timely, contemporaneous objection; (2) a legal ground for the objection and; (3) '[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.' " *Fleitas v. State*, 3 So. 3d 351, 355 (Fla. 3d DCA 2008) (quoting *Harrell*, 894 So. 2d at 940).

The same is true in the context of preservation of *Melbourne* claims. It is the objecting party's obligation to place the trial court on notice of the basis for the challenge and create a record supporting that objection. *Dorsey v. State*, 868 So. 2d 1192, 1197 (Fla. 2003); *Rimmer v. State*, 825 So. 2d 304, 320-21 (Fla. 2002).

Indeed, in *Floyd v. State*, 569 So. 2d 1225, 1229 (Fla. 1990) (emphasis added), we held that "[*i*]f the explanation is challenged by opposing counsel," the strike opponent "*must place the court on notice*" to preserve a claim of racial discrimination for appellate review. We stated:

> It is the state's obligation [as the proponent of the strike] to advance a facially race-neutral reason that is supported in the record. *If the explanation is challenged by opposing counsel*, the trial court must review the record to establish record support for the reason advanced. However, when the state asserts a fact as existing in the record, the trial court cannot be faulted for assuming it is so when defense counsel is silent and the assertion remains unchallenged. *Once the state has proffered a facially race-neutral reason, a defendant must place the court on notice that he or she contests the factual existence of the reason*.

*Id.* (emphasis added).

Although *Floyd* predates *Melbourne*'s holding that, at step 3, the trial court should focus on the genuineness rather than the reasonableness of the proponent's proffered race-neutral reason for the strike, *Melbourne*, 679 So. 2d at 764, we have never receded from *Floyd*'s preservation requirement. To the contrary, this Court has continually cited *Floyd*, post-*Melbourne*, to explain that the opponent of a peremptory strike must challenge the proffered race-neutral reason and explain the basis for the challenge to preserve a challenge to the trial court's step 3 ruling for appellate review. *See, e.g.*, *Hoskins v. State*, 965 So. 2d 1, 9 (Fla. 2007); *Dorsey*, 868 So. 2d at 1197; *Rimmer*, 825 So. 2d at 320-21; *see also Truehill v. State*, 211 So. 3d 930, 943 (Fla. 2017).

And we have done so for good reason.  Not only is *Floyd*'s preservation requirement consistent with the basic premise behind preservation of *Melbourne* claims, namely that it is the objecting party's obligation to place the trial court on notice of the basis for his or her challenge and create a record supporting that objection, *see Dorsey*, 868 So. 2d at 1197; *Rimmer*, 825 So. 2d at 320-21, but it also comports with the two legal principles underlying *Melbourne*—that peremptory strikes are presumed to be nondiscriminatory and that the party opposing the strike bears the burden of persuasion throughout the process. *Melbourne*, 679 So. 2d at 764.  If the opponent of a peremptory strike fails to challenge as pretext a proffered reason found to be race-neutral, then the trial court is usually left with nothing other than the legal presumption that the proponent exercised the strike for a genuine reason.[1]  *See Rimmer*, 825 So. 2d at 321 (holding that the appellant failed to preserve the issue of whether the trial court properly

1.  We say "usually" because even if the strike opponent fails to contest the proponent's proffered facially race-neutral explanation, there will be some cases in which the trial judge does not believe the proffered reason to be genuine despite the contrary presumption, in which case the correct ruling under *Melbourne* would be to sustain the opponent's objection and disallow the strike.  679 So. 2d at 764 (explaining that the trial judge's ultimate ruling is driven by the determination of whether the neutral reason is genuine based on his or her assessment of credibility).  It is entirely permissible for a trial judge to independently question the proponent of the strike if he or she has a basis to do so or even turn to the opponent and request a response, but that the trial court *may* do so does not mean that the trial court *must* do so in order to independently create a record sufficient to avoid reversal on appeal.

granted the State's peremptory strike and noting that the trial court could not be "faulted for accepting the facial reason offered by the State, especially where the State's factual assertion went unchallenged by the defense"). Without requiring the strike opponent to object to the proponent's proffered facially neutral explanation, prior to the trial court's step 3 genuineness determination, we would be effectively relieving the opponent of its burden of persuasion to prove purposeful racial discrimination and of its obligation to create a record for appellate review.[2]

Despite the sound reasoning of *Floyd* and our continued reliance on it, language in this Court's decision in *Hayes*, 94 So. 3d at 463, which a plurality of this Court relied upon in its nonprecedential opinion in *Spencer*, 238 So. 3d at 714, wrongly suggests that the trial court is required to create a record for appellate

---

2. Although we are not altering our *Melbourne* procedure, we note that under the federal rule, the strike opponent must make a prima facie showing of purposeful racial discrimination at step 1. *See Batson v. Kentucky*, 476 U.S. 79, 96-97 (1986); *see, e.g.*, *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1038-39 (11th Cir. 2005). However, that strike opponents are *not* required to make this prima facie showing at step 1 in Florida, *see State v. Whitby*, 975 So. 2d 1124, 1127 (Fla. 2008) (Pariente, J., concurring) (noting that Florida law requires race-neutral explanations more often than federal law because Florida law "requires much less of the objecting party to mandate a [*Melbourne*] inquiry"), only underscores that they *are* required to make it somewhere during the three-step process. Because, at step 2, the burden to produce a facially race-neutral explanation shifts to the proponent of the strike, this necessarily means that the opponent must satisfy its ultimate burden of persuasion prior to the trial court's genuineness determination in step 3.

review of otherwise unpreserved error by "undertak[ing] an on-the-record genuineness inquiry" every time a party opposes a peremptory strike citing *Melbourne*. This language is dicta, however, because *Hayes* was not a preservation case. *See State v. Yule*, 905 So. 2d 251, 259 n.10 (Fla. 2d DCA 2005) (Canady, J., specially concurring) ("A holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment. If not a holding, a proposition stated in a case counts as dicta." (quoting Michael Abramowicz & Maxwell Stearns, *Defining Dicta*, 57 Stan. L. Rev. 953, 1065 (2005)). More specifically, the issue in *Hayes* "was not whether the trial court erred in failing to ask the opponent of the strike, on its own initiative, to provide reasons to find pretext." *Spencer*, 238 So. 3d at 719 n.7 (Lawson, J., concurring in result). Rather, the issue in *Hayes* was "whether the trial court erred, first, in expressly applying the for-cause standard—rather than the 'genuineness' standard—to its evaluation of the neutral reason the proponent gave for the strike." *Id.* (citing *Hayes*, 94 So. 3d at 456-57). Accordingly, we disapprove of the dicta in *Hayes*, relied upon by the plurality in *Spencer*, and reaffirm our decision in *Floyd*, which establishes that "[o]nce the [proponent of the strike] has proffered a facially race-neutral reason, [the opponent] must place the court on notice that he or she

- 9 -

contests" the genuineness of "the reason," *Floyd*, 569 So. 2d at 1229, to preserve any objection to the propriety of the genuineness finding on appeal.

In this case, Johnson did not make a specific objection to the State's proffered facially race-neutral reason for the strike. Accordingly, Johnson failed to preserve his challenge to the trial court's step 3 genuineness determination. *See id.* at 1230; *see also Melbourne*, 679 So. 2d at 764-65.

## CONCLUSION

Under Florida law, the opponent of a peremptory strike cannot simply sit silent—failing to respond to a proffered facially race-neutral reason and failing to object as to why the trial court should not accept that explanation—yet challenge that reason as a pretext for discrimination and the trial court's ruling as insufficient for the first time on appeal. *See Floyd*, 569 So. 2d at 1230. To hold otherwise would not only be inconsistent with the general law of preservation, it would also improperly relieve the opponent of the strike of the obligation to prove purposeful racial discrimination, in disregard of the presumption that peremptory strikes are nondiscriminatory. *See Melbourne*, 679 So. 2d at 764-65. Accordingly, we hold that the party opposing a peremptory strike must make a specific objection to the proponent's proffered race-neutral reason for the strike, if contested, to preserve the claim that the trial court erred in concluding that the proffered reason was genuine.

- 10 -

We quash the Fourth District's decision to the contrary in *Johnson* and approve the certified conflict cases to the extent they are consistent with this opinion.

It is so ordered.

CANADY, C.J., and POLSTON and MUÑIZ, JJ., concur.
LABARGA, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring in result.

I concur in the result reached by the majority, that the burden rests on the party opposing a peremptory strike to contemporaneously object to the race-neutral reason offered by the proponent. *See* majority op. at 10.

I write separately to caution that today's holding does not absolve trial courts of the responsibility to conduct a thorough *Melbourne*[3] inquiry and to allow counsel to contemporaneously object during the process. After the proponent offers a race-neutral reason for a peremptory strike, opposing counsel is entitled to—and trial courts must fully permit counsel to—raise a contemporaneous objection. This is essential to preserving the record.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

_____

3. *Melbourne v. State*, 679 So. 2d 759 (Fla. 1996).

Fourth District - Case No. 4D15-4452, 4D15-4519, and 4D15-4539

(Broward County)

Ashley Moody, Attorney General, Tallahassee, Florida, Celia Terenzio, Senior Assistant Attorney General, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, Florida,

for Petitioner

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, Florida,

for Respondent