# Third District Court of Appeal

## State of Florida

Opinion filed December 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1175
Lower Tribunal No. F18-12976
_____

**David Farmer,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

Appellant David Farmer was convicted of one count of aggravated battery with great bodily harm[1] for a 2018 stabbing of a neighbor, and received a sentence of fifteen years in prison, three years of probation and two years of community control. Three months earlier, on February 1, 2022, a predecessor trial judge, without objection from Farmer's counsel, held a status conference at which it appears Farmer was not present. This hearing was held regarding whether a competency examination (ordered earlier by the trial court) had been performed on Farmer by Dr. Arnise Johnson, and whether a written evaluation report had been filed with the trial court. Dr. Johnson had completed the examination, and her six-page evaluation report was provided to the trial court and the parties. As set forth in her report, Dr. Johnson concluded that Farmer was competent to proceed.[2] The parties stipulated that, had Dr. Johnson been called to testify at a competency hearing, she would have testified consistently with her written report, and that such testimony would be admissible.

---

[1] See § 784.045(1)(a)1., Fla. Stat. (2018).

[2] It should be noted that this was a "re-examination" as the trial court had previously appointed two experts to evaluate Farmer on the issue of his competency to proceed, and both of those doctors, following evaluations, concluded that Farmer was competent to proceed.

Thereafter, the trial court announced its ruling: "So, at this time, based on my independent evaluation and the stipulation of the lawyers that Dr. Johnson will testify consistent with her report and the testimony would be admissible, I find that Mr. Farmer is competent to proceed at this time." The trial court, however, never entered a written order reflecting its oral pronouncement.

Farmer's appeal to this Court does not directly address his conviction and sentence. Instead, Farmer maintains that the competency hearing suffered from two defects: (i) Farmer did not attend the February 1, 2022 hearing at which the trial court found Farmer competent; and (ii) the trial court erred by not entering a written order finding Farmer competent. See Dougherty v. State, 149 So. 3d 672, 678 (Fla. 2014) ("[I]f a trial court finds that a defendant is competent to proceed, it must enter a written order so finding."). Consequently, Farmer seeks a remand of this case with instructions to the trial court to make a *nunc pro tunc* competency determination. See Washington v. State, 355 So. 3d 482, 485-86 (Fla. 2d DCA 2023).

The State concedes that remand is necessary because the trial court did not enter a written competency order, but also asserts that our remand instruction should be limited to instructing the trial court to enter a *nunc pro*

*tunc* written order reflecting its February 1, 2022 competency finding. The State argues that, because Farmer's absence from the February 1, 2022 hearing was not objected to, any objection relating to Farmer's absence is unpreserved. See Jackson v. State, 983 So. 2d 562, 568 (Fla. 2008) ("Errors that have not been preserved by contemporaneous objection can be considered on direct appeal only if the error is fundamental."); Charles v. State, 258 So. 3d 549, 552 (Fla. 3d DCA 2018) (recognizing, pursuant to law well settled in Florida, that, to preserve an issue for appellate review, the party must raise a specific legal ground by timely, contemporaneous objection).

We agree with the State that, under the circumstances presented in this case, no fundamental error resulted from Farmer's absence from the February 1, 2022 hearing; any error resulting from Farmer not attending this hearing is unpreserved or, assuming there was error, any such error was harmless. Thus, we remand with instructions for the trial court to enter a written competency order consistent with its findings at the February 1, 2022 hearing.

Affirmed and remanded with instructions.